Rufus Warren **LINEBARGER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43660.

Court of Criminal Appeals of Texas.

May 19, 1971.

Rehearing Denied July 7, 1971.

Mitchell D. Stevens, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for assault with intent to commit murder with malice. The jury assessed the punishment at 10 years and recommended probation, which the court granted.

The indictment alleged that on or about March 29, 1968, the appellant did "voluntarily and with malice aforethought in and upon Elton W. Williams make an assault with the intent then and there to murder the said Elton W. Williams."

This is a companion case to Linebarger v. State, 469 S.W.2d 169, in which the appellant was convicted of making a similar assault upon Charles M. Dooley during the same incident from which this offense arose.

The evidence viewed most favorably to the jury's verdict is as follows:

Elton Williams, an officer of the Dallas Police Department, testified that on the night of March 29, 1968, he and several other officers were investigating a disturbance on Taft Street in Dallas in which the appellant was involved. Another of-

ficer, Sergeant Horn, was in front of the house attempting to converse with the appellant, who was inside. He further testified that the appellant threatened "to blow our heads off," and that he left to call for more help and returned, and that a continuous conversation was going on, with Horn pleading for the appellant to come out of the house. Williams testified that he went to the rear, but that another officer told him to return to the front because the appellant had agreed to come out of the house. As he was returning to the front, the appellant fired a shotgun at him, hitting him in the left hand. Several other shots were fired and the other officers fired into the house. He heard the appellant fall to the floor and the officers entered the house, finding the appellant lying on his left side, face down, with the shotgun still in his hand.

Charles M. Dooley, a Dallas police officer, also answered a disturbance call to 1415 Taft Street. No one answered when he and his partner knocked and rang the door bell. However, they saw a gun on a bed in the front room. They went next door to talk to a neighbor. Officer Gibson, his partner, returned to the house in question, and soon called for help. When the appellant told them he had a gun on them, they called for assistance. Several other officers arrived. Dooley also testified that Sergeant Horn attempted to persuade the appellant to come out. When the firing started, he (Dooley) was behind a car in the driveway. He was shot in the head by the appellant when he raised up to fire back into the house. He entered the house with the other officers and found the appellant lying on the floor, with a shotgun in his hand.

The remainder of the State's evidence shows that Officers Dooley and Gibson were called to the address and when Officer Gibson spoke to the appellant, the appellant threatened to kill him. At that time they called for help. After Sergeant Horn tried to persuade the appellant to

come out, the appellant quickly opened and shut the door, and then began firing. When the officers heard the appellant fall, they entered the house and found him lying on the floor. The injured parties were then taken to a hospital.

The defense presented evidence that tended to show that the appellant was an alcoholic and had been drinking heavily before the incident and was not in control of his senses. Evidence was also introduced which showed that the appellant enjoyed a good reputation in the communities in which he lived.

 The appellant's first ground of error is that the trial court refused "to allow Defendant to prove that the district attorney's office had withheld valuable and vital information concerning the fact that one of the jurors had a prior criminal record, from Defendant causing Defendant to use a valuable strike on the jury list."

The State has no obligation to furnish counsel for accused with information he has in regard to prospective jurors. The information supposedly withheld was readily available to defense counsel on voir dire. Art. 35.12, Vernon's Ann.C.C.P., provides:

"In testing the qualification of a prospective juror after he has been sworn, he shall be asked by the court, or under its direction:

1. Except for payment of poll tax or registration, are you a qualifed voter in this county and state under the Constitution and laws of this state?

2. Have you ever been convicted of theft or any felony?

3. Are you under indictment or legal accusation for theft or any felony?"

There is nothing in the record to show this was not followed.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges that hearsay testimony was improperly admitted.

The challenged testimony was as follows:

"Q As a result of your conversation with Mrs. Cole, were you able to determine exactly what the nature of the disturbance call was?

"A Yes, sir, we were.

"Q What was that nature?

"A It had been a family disturbance, a fight between the man and wife.

"MR. STEVENS: If the Court please, we object to that, and ask that the jury be instructed not to consider that for any purpose. It is hearsay, if the Court please, and it can't be used for any purpose, regardless of when it is objected to. He got his question and answer out before we could get up and object.

"MR. TOKOLY: Your Honor, I think the jury has a right to know why those police officers were out there.

"THE COURT: I overruled the objection.

"MR. TOKOLY: Thank you, Your Honor."

The only evidence adduced by the testimony was that the nature of the call for the police was revealed to be a "family disturbance, a fight between the man and wife." The jury's knowledge of the fact that the police went to the address because of a reported family disturbance, if error, was not prejudicial or harmful to the appellant.

The appellant's second ground of error is overruled.

Appellant's third ground of error alleges that the court should have instructed the jury on the law of circumstantial evidence "because the State relied on circumstantial evidence to establish one or more of the main elements of the offense charged.

Sergeant Horn testified that he saw the appellant fire at least one shot. The evidence showed that the appellant was alone in the house, and Officer Dooley testified that at least two shots came from the house. The appellant also threatened to kill Officers Gibson and Williams and Sergeant Horn. It is true, as the appellant points out, that no witness testified that he saw the appellant pull the trigger and aim it at one of the injured officers or that he actually saw the officers shot.

■ The evidence clearly establishes that the appellant fired the shots that wounded the officers and that he did so with malice. The question of malice is inferred from the words spoken and acts done and does not require a charge on circumstantial evidence. 4 Branch's Ann.Penal Code 358, Sec. 2050; 29 Tex.Jur.2d 479, Sec. 264.

■ The appellant, the only person in the house, threatened to kill the officers, and shot and wounded two officers with a shotgun at close range. This amounted to direct evidence. Thus, a charge on circumstantial evidence was not necessary.

Appellant's third ground of error is overruled.

■ Appellant's grounds of error four through eight complain because the court did not charge the jury on various phases of the law of self-defense and "defense of house or habitation." There is nothing in the record to raise an issue of self-defense or to suggest there was an unlawful arrest or that excessive force was used or that the violence was for the purpose of protecting property. No charges on these defensive theories were required.

Appellant's fourth through eighth grounds of error are overruled.

■ Appellant's ninth through eleventh grounds of error raise various objections to the court's charge. No written objec-

tions to the court's charge or written requested charges on these matters were filed prior to the reading of the charge to the jury, and any error was waived. See: Art. 36.14 and Art. 36.15, V.A.C.C.P.

Appellant's ninth through eleventh grounds of error are overruled.

Finally, the appellant challenges the sufficiency of the evidence. In view of the evidence already discussed, we find this contention to be without merit.

Appellant's twelfth ground of error is overruled.

There being no reversible error, the judgment is affirmed.