Jerry Leonard **FAIRRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49183.

Court of Criminal Appeals of Texas.

Nov. 27, 1974.

**922**

Thomas M. Roberson and Fred M. Heacock, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, George Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant, in a trial before a jury, was convicted of murder with malice. Punishment was assessed by the jury at nine hundred ninety-nine years.

This is a retrial of Farris v. State, Tex. Cr.App., 496 S.W.2d 55, reversed because of the failure of the court to charge on circumstantial evidence. In this trial, the appellant suggested to the trial court that his last name was Fairris, and at appellant's request the indictment was corrected to show his true name of Fairris.

The material facts in evidence are substantially as set forth in the opinion on the first appeal, and will not be repeated except where expedient in the discussion of individual grounds of error. In the instant trial appellant testified as a witness in his own behalf.

He stated that he rang the bell at the hotel and asked if one Alton Dale lived there. Deceased told him: "I want you son of a bitches to get out of here." His father, Iwana Fairris, hit Willie Nash Bell, the deceased, in the mouth and they started fighting. Mrs. Bell came to the door and started shooting at him and his father. He said that he had a .38 caliber pistol, and his father had a .22. He testified that deceased was still on his feet when he and his father left the hotel, that he did not shoot deceased, and that they did not go to the hotel to commit a robbery.

In his third ground, appellant avers that the trial court committed error of "constitutional magnitude" in assessing a longer sentence against him on retrial than was assessed at the original trial, in violation of the Fifth and Eighth Amendments.

The basis of appellant's contention is that since the punishment on his first trial was assessed by the jury at 60 years, any punishment in excess of that in a subsequent trial would violate his quoted constitutional rights.

Appellant relies principally on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In the recent case of Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), a habeas corpus proceeding, the petitioner, on a first trial, had been convicted of robbery in a Georgia state court in a jury trial and received punishment of fifteen years. On retrial ordered by a federal district court on habeas corpus he was again convicted, with a jury assessing punishment at life. In affirming the judgment of the 5th Circuit, 455 F.2d 640, the Supreme Court, after a thorough discussion of North Carolina v. Pearce, supra,[1] and other Supreme Court

---

1. In Chaffin v. Stynchcombe, the Court, in speaking of Pearce, said that, "This Court established limitations on the imposition of higher sentences by judges in similar circumstances. While we reaffirm the underlying rationale of Pearce that vindictiveness against the accused for having successfully overturned his conviction has no place in the resentencing process, whether by judge or jury, we hold today that due process of law does not require extension of Pearce-type restrictions to jury sentencing."

decisions on the subject, concluded its opinion as follows:

"Guided by the precedents of this Court, these are the conclusions we reach. The rendition of a higher sentence by a jury upon retrial does not violate the Double Jeopardy Clause. Nor does such a sentence offend the Due Process Clause so long as the jury is not informed of the prior sentence and the second sentence is not otherwise shown to be a product of vindictiveness. The choice occasioned by the possibility of a harsher sentence, even in the case in which the choice may in fact be 'difficult,' does not place an impermissible burden on the right of a criminal defendant to appeal or attack collaterally his conviction."

See, also, Fuery v. State, Tex.Cr.App., 464 S.W.2d 666; Casias v. State, Tex.Cr.App., 452 S.W.2d 483; Branch v. State, Tex.Cr.App., 445 S.W.2d 756; cf. Miller v. State, Tex.Cr.App., 472 S.W.2d 269, where the higher punishment on retrial was assessed by the court who failed to explain his reasons for so doing.

The evidence on the two trials of appellant Fairris was very similar, with the addition that he testified on the instant trial, and the State proved that he escaped from jail while the first conviction was on appeal. There was no showing of vindictiveness on the part of the judge or jury, and the record does not reflect that the jury which assessed the punishment in the instant case was informed of his prior sentence.

We find no violations of appellant's Fifth and Eighth Amendment constitutional rights, and overrule his third ground of error.

■ Appellant in his first ground claims that the court erred in permitting evidence that appellant escaped from custody during the period that his case was on appeal, and that he was rearrested the next day. Appellant was being held in custody at the time of his escape solely on the judgment of conviction of the instant charge.

For the reasons stated in Hodge v. State, Tex.Cr.App., 506 S.W.2d 870, opinion on rehearing, p. 872, appellant's contention is without merit. See also Gonzales v. State, Tex.Cr.App., 492 S.W.2d 263.

■ The first ground of error is overruled.

Appellant's second ground of error reads:

"The trial court committed reversible error when it allowed into evidence, over objection, testimony to the effect that the Defendant had been charged with robbery by firearms, whereas the Defendant's final conviction was for robbery by assault."

At the punishment phase of the trial, the State introduced a "penitentiary packet," properly authenticated, consisting of a judgment of conviction of Jerry Leonard Farris in Cause No. 4158, District Court of Jasper County, with punishment assessed at seven years, and a sentence in accord with said judgment. The judgment reflected that the defendant in the case had been charged with "Robbery with Firearms," but convicted of robbery by assault. The State proved, by comparison of fingerprints, that appellant was the person convicted in the Jasper County case.

■ Appellant's complaint is directed to that portion of the judgment reflecting the charge against him of robbery with firearms. The complaint is without merit. In proving a defendant's prior criminal record at the punishment stage under Art. 37.07, Sec. 3(a), Vernon's Ann.C.C.P., pleadings; i. e., indictment, complaint, and information, are admissible. Knox v. State, Tex.Cr.App., 487 S.W.2d 322, 326.

■ Appellant contends in his fourth ground of error that in the absence of a charge on principals the evidence is insufficient to support the verdict.

The record reflects that on the occasion shots were fired by appellant, his father Iwana Fairris, and by Mrs. Bell. Dr. Jachimczyk testified that deceased was wounded by two .22 caliber bullets, which he recovered. One entered in the neck and the other in the left chest. He stated as his opinion that death was caused by the latter wound which penetrated both lungs and the root of the aorta.

Mrs. Bell testified that after her husband had gone to open the door after hearing someone kick it she heard him say, "Marie, help me." She got a .22 caliber pistol, and then saw appellant come into the room holding her husband whose head was hanging over to one side, with his eyes closed and his arms dangling. Iwana Fairris was following them. As appellant came into the room he started shooting, Iwana fired several shots and she shot at appellant and Iwana, wounding Iwana. Mrs. Bell was also wounded. She stated that Iwana's gun made more noise than appellant's. During this exchange of fire, deceased slumped to the floor. After the exchange of shots, appellant turned and ran through the door, followed by Iwana Fairris.

Officer Tovar of the Houston Police Department testified that within two hours after receiving the report of the shooting he arrested appellant and Iwana Fairris in an automobile. Appellant was in the front seat, and Iwana was seated in the rear. A .22 caliber pistol was found between the two front seats, and a .38 caliber was in the rear. A box of .22 caliber shells was found on appellant and two .38 caliber shells were found in Iwana's pocket.

The expended bullets found in deceased's body were compared with spent bullets fired from the pistols found in the car and bullets fired from the gun used by Mrs. Bell. Randy Sullivan, a ballistics expert, testified that the bullet which entered the neck could not have been fired from the guns found in appellant's car. He further stated that the bullet causing the chest, or fatal wound was not fired by Mrs. Bell's gun, but that it could have been fired from the .22 caliber pistol found between the two front seats of the car. Due to the partial mutilation of this bullet, he would not testify definitely that it was fired from that gun.

Appellant relies on the testimony of himself and of his father Iwana Fairris that Iwana had the .22 caliber pistol during the firing and that appellant had the .38. Appellant admitted firing "three or four" shots but did not testify whether he was shooting at deceased or Mrs. Bell. In the absence of a charge on principals, appellant contends that 'there was no evidence that he shot deceased.

The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony, and was under no obligation to believe the testimony of either appellant or his father. The court charged on the law of circumstantial evidence. The evidence establishes that the appellant was present and participated in the shooting, that he fired a number of shots, that Iwana's gunshots were louder than those fired by appellant, that the wound causing the death was from a shot fired from a .22 caliber pistol, and that it was not shot from Mrs. Bell's gun, that such a pistol which could have been the gun used to kill deceased was found next to the seat appellant was occupying when arrested in a car within two hours of the affair, and that the .38 caliber pistol was found in the back of the car where Iwana Fairris sat, that .22 caliber shells were found on appellant, and that .38 caliber shells were found on Iwana Fairris, although deceased was not wounded by a .38 bullet.

There is ample evidence in the record from which the jury could conclude that the appellant committed the murder without an application of the law of principals.

Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error relates to the court's failure to instruct the jury on murder without malice.

The failure of the court to charge on murder without malice is not error unless there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. Corbett v. State, Tex.Cr. App., 493 S.W.2d 940; Machado v. State, Tex.Cr.App., 494 S.W.2d 859. In the instant case, there is no evidence raising an issue of murder without malice. Lee v. State, Tex.Cr.App., 504 S.W.2d 504.

Appellant's fifth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.