Raul Garza VILLALOBOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 54666.

Court of Criminal Appeals of Texas,
Panel 3.

July 12, 1978.

Terrence A. Gaiser, Houston, Lester Van Slyke, Jr., Richmond, for appellant.

William A. Meitzen, Dist. Atty., Richmond, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder; punishment was assessed at twenty-five years.

■ Appellant requests reversal of his conviction for error committed when the trial court overruled his objection to jury argument made by the prosecutor in his opening argument at the conclusion of the guilt stage of the trial. The record reflects:

Prosecutor: "I don't think that self defense is adequate for this case. I don't believe, as you were charged, this defendant has the justification of self defense and I don't think you ought to find it. I am going to ask you to find him guilty. I believe he is just as guilty as he can possibly be.

"[Defense counsel]: Your Honor, we object to the prosecutor interjecting his personal opinion to the defendant's guilt.

"THE COURT: Overruled."

In *Baldwin v. State*, Tex.Cr.App., 499 S.W.2d 7, the Court wrote:

"Though not briefed as a ground of error, we note that in argument the prosecutor stated, 'I think that he's guilty.' An objection that such a statement improperly allowed the prosecutor to state his own opinion was overruled. The objection should have been sustained. Such argument is outside the realm of proper summation."

The argument in the instant case likewise was improper and the objection should have been sustained.

The State cites *Sikes v. State*, Tex.Cr. App., 500 S.W.2d 650, and *Ramos v. State*, Tex.Cr.App., 419 S.W.2d 359, and asserts the argument was based on the record. Although in its brief the State asserts that throughout his argument the prosecutor qualified his remarks with the words "I think the evidence shows," the State does not refer this Court to where such qualifying remarks appear in the record, and our own examination of the record reveals no

such qualifying remarks in proximity to the argument quoted above.

 Although appellant testified to shooting the deceased, no other witnesses observed the shooting, and appellant presented a case of self defense. The State's case in opposition to the claim of self defense was circumstantial. In view of the issues at trial we are unable to say the improper argument was harmless beyond a reasonable doubt.

The judgment is reversed and the cause remanded.