Tory EDWARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–298CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1982.
Discretionary Review Refused
July 7, 1982.

Randy Schaffer, Houston, for appellant.

Roberto Gutierrez, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

This is an appeal for a conviction for aggravated robbery. The jury found the appellant guilty as charged in the indictment. In the penalty phase of the trial, the jury found the appellant had been previously convicted of the felony offense of robbery as alleged in the indictment and assessed his punishment at life imprisonment. Appellant asserts two grounds of error. We affirm.

■ In ground of error number one appellant asserts that the charge was fundamentally defective because it permitted a conviction without requiring the jury to find that the property allegedly taken was owned by Pak L. Cheung. The charge to the jury in the case at bar, in applying the law to the facts, required the jury to find:

> "That on or about the ninth day of May, 1981, in Harris County, Texas, the Defendant, Tory Edwards, while in the course of committing theft of property, and with the intent to obtain and maintain control of said property, did intentionally or knowingly threaten and place Pak L. Cheung in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a firearm..."

The Court of Criminal Appeals has consistently held that an aggravated robbery indictment need not include any allegation of ownership. *Robinson v. State*, 596 S.W.2d 130, 134 (Tex.Cr.App.1980). When we compare this portion of the charge to the required elements of aggravated robbery as identified in *Robinson v. State, supra,* and to the allegations of the indictment, it is apparent that the charge required the jury to find beyond a reasonable doubt each and every essential element of the offense before returning a verdict of guilty. The indictment in the instant case did contain an allegation that the property taken was owned by Pak L. Cheung. The appellant contends that where the charge omits an allegation in the indictment in its application of the law to the facts, it is fundamentally defective because it fails to conform to

the allegations contained in the indictment. In this case, the appellant asserts that the charge fell under fundamental error by omitting the allegation of ownership. This contention has been considered and rejected by the Court of Criminal Appeals in a recent en banc opinion. *Sattiewhite v. State*, 600 S.W.2d 277 (Tex.Cr.App.1980). In that case an aggravated robbery indictment alleged that the named victim owned the property and did not consent to its taking. The charge, however, in applying the law to the facts of the case did not require the jury to find that the complainant failed to consent to its taking. The Court of Criminal Appeals, in rejecting the contention that the omission of such constituted such fundamental error, stated:

> "Where the charge of the court applying the law to the facts correctly requires the jury to find every essential element of the offense alleged in the indictment and comports with the legal theory presented by the State through evidence that proves every factual allegation made in the charging instrument, an accused who perceives some error of omission in failure of the charge to reflect one or more factual details averred must call the matter to the attention of the trial court pursuant to Articles 36.14, 36.15 or 36.16, V.A.C.C.P. for a determination of whether corrective action is appropriate, in order to preserve the point for review under a ground of error in his appellate brief. This because, *unless otherwise faulty*, the charge thus described does not present fundamental error."

*Sattiewhite v. State, supra* at 285–286, f. 14. Therefore, *Sattiewhite v. State*, held that the very omission of which the appellant complains in the case at bar would not present fundamental error in the absence of preservation of error at trial. *Sattiewhite v. State*, dealt with the omission from the charge of an allegation of ownership in an aggravated robbery indictment. The court rejected any contention that such omission presented fundamental error and specifically stated in the opinion:

> "That this part of the charge does not include certain details of the underlying offense of theft alleged in the indictment

and proved by the State, viz: 'From said complainant [Maxine Wong], the owner of said property, without the effective consent of said complainant,' is not enough to render it fatally defective... Even when an objection to the charge calls attention to absence of such factual details the omission is deemed harmless, e.g., *Booker v. State*, 523 S.W.2d 413, 416 (Tex.Cr.App.1975) ..." and cases cited therein.

In the case at bar, the variance between the indictment and the charge as to the description of ownership in the named victim of the offense was not called to the trial court's attention by the appellant through an objection or requested charge. Indeed, the record reflects that the appellant waived any objection to the charge. The charge given required the jury to find the appellant guilty under the theory of the offense alleged in the indictment and the indictment's unnecessary allegation of ownership in Pak L. Cheung was proven by the State in its presentation of the evidence. Cheung testified that at the time of the offense he was the manager of the Weingarten's Store and, as the manager, possessed the only key to the courtesy booth where the money taken in the robbery was located. Under *Sattiewhite v. State, supra*, the failure of the charge to require the jury to find that Pak L. Cheung owned the property does not present fundamental error requiring reversal of the conviction. Appellant's first ground of error is overruled.

In his second ground of error appellant asserts that the trial court reversibly erred in admitting into evidence the fact that appellant had previously been indicted for aggravated robbery in a case where he was ultimately convicted of simple robbery. At the punishment stage, the State offered into evidence the penitentiary packet of appellant which reflected a prior conviction for robbery. The packet contained a judgment which stated in pertinent part: "The defendant having been indicted in the above entitled and numbered cause for the felony offense of aggravated robbery, but upon motion of the State the offense was

reduced to robbery; the defendant on trial for robbery, a felony ... It is therefore considered, ordered and adjudged by the court that the defendant is guilty of the offense of robbery ... and that he be punished by confinement in the Texas Department of Corrections for three years ..." The Court of Criminal Appeals has held, contrary to appellant's contention, that the State properly introduced the judgment in its entirety in establishing the fact of the prior conviction. *Fairris v. State*, 515 S.W.2d 921, 923 (Tex.Cr.App.1974). In that case the court held that in proving a defendant's prior criminal record at the punishment stage, pleadings which include indictments, complaints and information are admissible. *Fairris v. State, supra* at 923, citing *Knox v. State*, 487 S.W.2d 322, 326 (Tex.Cr.App.1972).

Moreover, in the recent decision of *Bravo v. State*, 627 S.W.2d 152 (Tex.Cr.App.1982), the State in proving a prior conviction for murder introduced into evidence a certified copy of the indictment. Appellant objected on the grounds that it was not the best evidence available. The appellant on appeal argued that the indictment's admission would disclose details about the offense such as the name of the deceased and the manner and means of causing death, namely shooting with a shotgun. The Court of Criminal Appeals initially concluded that the appellant's contention had not been properly preserved by an objection on the same basis at trial but the court then proceeded to also conclude that "[e]ven if this objection had been made it would have been properly overruled." *Bravo v. State, supra* at 158.

The State also contends that the appellant did not make a sufficient specific objection to the introduction of the penitentiary packet and did not specifically identify the portion of the penitentiary packet objected to by appellant. The record reflects that at the beginning of the penalty phase of trial and before the State had sought to introduce any evidence, the appellant made several objections in anticipation of the evidence the State would attempt to introduce. His objection included the following:

"Your Honor, I would like to object to some of the items the State plans on introducing as evidence on punishment .... Furthermore on the pen packet that the State plans to introduce into evidence I object to that on the grounds that it contains the details of the offense and that the defendant was allegedly charged with a higher offense and convicted of a lesser included offense and I object to any mention of the higher offense in the pen packet."

The court deferred ruling on the objection until the evidence was actually presented before it. We agree with the State that although the appellant identified the nature of his complaint, the objection was insufficiently specific to preserve the issue for appellate review. He failed to specifically identify the portion of the exhibit, namely State's exhibit No. 36, to which he was making objection. Where a defendant seeks to object to only a portion of a multipage exhibit, it is his burden to specifically apprise the trial court of the specific portion of the exhibit to which his objection is directed. *Wintters v. State*, 616 S.W.2d 197 (Tex.Cr.App.1981); *Hernandez v. State*, 599 S.W.2d 614 (Tex.Cr.App.1980, opinion on rehearing). Moreover, as we have previously discussed, the record discloses that the appellant did not obtain a ruling on his general objection. For this reason as well the appellant's objection preserved nothing for review. *Johnson v. State*, 604 S.W.2d 128 (Tex.Cr.App.1980).

When the State sought to introduce into evidence the penitentiary packet, State's exhibit No. 36, the appellant objected as follows: "We would object to State's exhibit 36 on the aforementioned grounds." This objection was wholly insufficient to apprise the trial court of a specific nature of his objection to the penitentiary packet and was, therefore, insufficient to preserve any error for appellate review. This is further amplified by the fact that the earlier objection was too general to preserve the issue for review. The judgment reflecting the prior conviction for robbery was properly admitted without deleting the recitation that the appellant was originally charged

with aggravated robbery before reduction of the offense on motion of the State. Further, we find that the issue of the admissibility of this portion of the judgment is not presented for review in light of the insufficiently specific objections voiced by the appellant at trial. Appellant's second ground of error is overruled.

The judgment is affirmed.