Wilbert DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 62628.

Court of Criminal Appeals of Texas,
Panel 3.

Dec. 15, 1982.

Allen C. Isbell, Houston, court appointed on appeal only, for appellant.

Carol S. Vance, Dist. Atty. and Michael Kuhn and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DALLY, W.C. DAVIS and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Appellant was convicted by a jury for committing the first degree felony offense of aggravated rape. The jury assessed punishment at life imprisonment in the penitentiary. Appellant asserts in his appeal several grounds of error. We will overrule all of them and affirm the judgment of conviction because there is no reversible error in this cause.

## THE FACTS OF THE CASE

Appellant, who was 18 years of age at the time of trial, does not challenge the sufficiency of the evidence. However, in order for the reader to possibly better understand the case and our holdings, we will state some of the facts. On January 9, 1978, the complaining witness, who was employed outside of the home, did not work that day because her young son was ill. While the complainant and her young but ill son were watching television in their residence, which appears to have been located in a suburb outside the city limits of Houston, three unknown male persons, armed with pistols, forced their way into the residence. The evidence indicates that the persons chose the residence of the complaining witness and her family by chance, apparently seeking a safe place to hide from the police, who apparently were then looking for them for undisclosed reasons. Thereafter, the three men terrorized the complaining witness and her son. The complaining witness also sustained bodily injuries. Eventually each of the three men separately raped the complaining witness in a bedroom of her residence, with one of the three implicitly forcing the complainant to commit what to her was an "undesired and unexperienced" act of sodomy on his penis. All in all, figuratively put, the complaining witness and her son were put through a mid-day period of pure hell by the appellant and his cohorts. The complainant made a positive and unequivocal courtroom identification of the appellant as one of the three persons who invaded the privacy of her residence, defiled her person, and contaminated by their mere unwanted presence the residence in which she lived. Thereafter, the three stole items of personal property, and then fled from the premises in the complaining witness' automobile, leaving the complaining witness and her son bound and gagged, apparently with the same sheet on which they had satisfied their lustful and animalistic sexual desires. The complaining witness and her son were partially successful in unbinding themselves. They subsequently reported to neighbors what had occurred. They assisted the complainant in removing the remainder of the sheet which was used to bind her and her son, and called the police. The entire episode, which commenced at approximately noon, lasted nearly 3 hours. The nerve-wracking experience that the complaining witness and her son endured caused the complaining witness, her husband, and her son to move to another residence. The complaining witness testified that her son would thereafter awaken at night, screaming, "Is anybody going to come and rape us?" Unknown fingerprints

and palmprints on items in the residence were subsequently compared with the appellant's fingerprints and palmprints and they perfectly matched. During the punishment hearing, the State presented several reputation witnesses who testified that appellant had a bad reputation in the community of Houston for being a peaceful and law abiding citizen.* The State also established that the appellant had previously been convicted of a misdemeanor offense on an indictment that charged him with committing a felony.

## APPELLANT'S MOTION FOR MISTRIAL

 In one ground of error appellant claims that the trial judge erred by not granting a mistrial when a Harris County Deputy Sheriff gave an unresponsive and hearsay answer to a question asked by the prosecuting attorney. The Deputy Sheriff was asked by the prosecuting attorney if she had had occasion to go to the residence of the complaining witness on the day of the aggravated rape. She replied: "Yes, sir, *I was directed by my lieutenant to go to this location on an aggravated rape and robbery.*" [Emphasis Added]. Appellant objected to the hearsay and unresponsive portions of her answer on the ground that it interjected extraneous offenses into the case. The trial judge sustained the objection. Appellant, however, did not request the trial judge to instruct the jury to disregard the answer given, but merely made a motion for mistrial, which was overruled. Although the unresponsive and hearsay portions of the answer should not have been given by the witness, nevertheless, we are unable to see how the appellant was harmed by the answer, especially in light of the testimony previously given by the complaining witness. See *Linebarger v. State,* 469 S.W.2d 165 (Tex.Cr.App.1971); *Fuller v. State,* 501 S.W.2d 112 (Tex.Cr.App.1973); *Haynes v. State,* 482 S.W.2d 191 (Tex.Cr. App.1972); *Black v. State,* 503 S.W.2d 554 (Tex.Cr.App.1974). The witness did not re-

late in her testimony any details of her conclusory hearsay remarks, which would have been improper. See *Morris v. State,* 411 S.W.2d 730 (Tex.Cr.App.1967). In any event, we believe that had an instruction been given in this instance it would have been more than sufficient to have cured any error. *Cozby v. State,* 506 S.W.2d 589 (Tex. Cr.App.1974). It has long been held by this Court that testimony referring to or implying extraneous offenses allegedly committed by the defendant can be rendered harmless by an instruction from the trial judge. See, for example, *Evans v. State,* 542 S.W.2d 139, 141 (Tex.Cr.App.1976); *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979). Appellant's ground of error, therefore, is overruled.

## THE PROSECUTING ATTORNEY'S JURY ARGUMENT OF WHICH APPELLANT COMPLAINS

 The appellant complains of the following argument of the prosecuting attorney:

I think there's *evidence* beyond any reasonable doubt that the defendant did participate in the offense, that he's the second person who raped [the complaining witness]. Now the second issue— [Emphasis added]

We disagree with appellant that this argument was legally impermissible. The trial judge therefore did not err by overruling appellant's objection. The statement of the prosecuting attorney was a qualified statement in that his belief was predicated upon the evidence adduced during the trial. He was, therefore, not unqualifiedly expressing his personal opinion of the guilt of the appellant, cf. *Villalobos v. State,* 568 S.W.2d 134 (Tex.Cr.App.1978); *Baldwin v. State,* 499 S.W.2d 7 (Tex.Cr.App.1973), but was legitimately summing up the fact that the evidence, as he viewed it, established that the appellant did participate in the commission of the alleged criminal wrong perpe-

---

* Perhaps not to the jury, but to us the witnesses appear to have been victims of other *crimes* committed by the appellant. See, however,

*Jackson v. State,* 628 S.W.2d 446, 451 (Tex.Cr. App.1982).

trated against the complainant. This was permissible, not impermissible, jury argument. The evidence adduced clearly supported the argument. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). Appellant's ground of error is overruled.

## WAS THE PISTOL REAL?

■ Appellant complains in his third ground of error that the prosecuting attorney, in another part of his jury argument, made an impermissible reference to the pistol which the complaining witness had testified appellant had held during the commission of the criminal wrongs. He claims this argument should not have been made because there "was no real evidence that it was a real pistol or not real." Overlooked by the appellant, however, is that part of the record which reflects that to the complainant the pistol appeared real. During the appellant's counsel's cross examination of the complaining witness, counsel asked her the following question: "Q: Could you tell at that time whether these were toy pistols, *real* pistols or were you so scared you didn't look that closely? She answered: I looked. They were right in my face. *They were real.*" (Emphasis Added). Appellant's ground of error is overruled.

## THE REPUTATION ISSUE

■ The appellant next complains that the trial court erred in allowing a State's witness to give her opinion as to the appellant's reputation for being a law abiding citizen. We need not decide whether there was error, see, however, *Gholson v. State,* 542 S.W.2d 395 (Tex.Cr.App.1976); *Jackson v. State,* 628 S.W.2d 446 (Tex.Cr.App.1982), because three other witnesses testified that the reputation of the appellant in the community in which he lived for being a law abiding and peaceful citizen was bad. In view of this, even if the testimony of the witness was inadmissible and should not have been admitted, the error was indeed harmless error. *Mitchell v. State,* 524 S.W.2d 510 (Tex.Cr.App.1975).

## THE ART. 37.07(3)(a) CONTENTION

■ We understand appellant's sixth ground of error to be that certain wording in a judgment of conviction that was introduced in evidence during the punishment stage of the trial should have been deleted. We agree with appellant's contention. However, because appellant has failed to establish how he was harmed or prejudiced by the complained of wording in the judgment of conviction, such is not reversible error. In order for this type error to rise to reversible error, it must be established that there was a possibility the error affected either the guilt or punishment stages of the trial. *Chapman v. California,* 386 U.S. 18, 21–24, 87 S.Ct. 824, 826–828, 17 L.Ed.2d 705 (1967); *Jordan v. State,* 576 S.W.2d 825 (Tex.Cr.App.1978); *Clemons v. State,* 605 S.W.2d 567, 571 (Tex.Cr.App.1980); *Montoya v. State,* 625 S.W.2d 25 (Tex.App.1981); *Clark v. State,* 627 S.W.2d 693 (Tex.Cr.App. 1982). In this instance we are unable to say that this error affected either stage of the trial. The judgment of conviction reflects that the appellant had been indicted for committing the felony offense of theft of an automobile, but the offense was subsequently reduced to the lesser included offense of unauthorized use of an automobile, "a class A misdemeanor", to which lesser offense appellant pled guilty and had his punishment assessed at 60 days' confinement in the Harris County jail. In view of the terms of Art. 37.07, V.A.C.C.P., the information on the judgment of conviction that refers to the fact that the appellant had been charged with committing a felony offense should have been deleted. Cf. *Edwards v. State,* 632 S.W.2d 908 (Tex.App. Houston [14th] 1982); *Fairris v. State,* 515 S.W.2d 921 (Tex.Cr.App.1974). However, the failure to do so in this instance is not reversible error because we are unable to state under the facts of this cause that such error was not harmless error beyond a reasonable doubt. The facts as set out above reflect gross criminal misconduct on the part of the appellant. In addition to the single misdemeanor conviction, the State also presented during the punishment stage of the trial several reputation witnesses.

The record also reflects that after the judgment of conviction was introduced in evidence, the prosecuting attorney, in summarizing its contents, merely stated that the document reflected the undisputed fact that the appellant had previously been convicted of a misdemeanor offense and had his punishment assessed at 60 days' confinement in the Harris County jail. The jury was not informed by the prosecuting attorney that appellant had been originally charged with committing a felony. The record does not reflect that the jury ever requested or received the judgment of conviction. See Art. 36.25, V.A.C.C.P. Appellant's ground of error is overruled.

### WHAT'S WRONG WITH THIS ARGUMENT?

 Appellant's final ground of error asserts that the prosecuting attorney's jury argument that "He [appellant] didn't know her [the complainant] from Eve. Strangers." was objectionable. We disagree. The evidence showed that prior to the day in question the complaining witness had never before seen the appellant or the other two persons.

> Q. Paula, had you seen any one of these three individuals before that day?
>
> A. No, sir, I had not.

Furthermore, we are able to conclude from all of the evidence adduced at the guilt stage of the trial that "He [appellant] didn't know her from Eve" and that they were truly "strangers". The argument was proper. *Alejandro v. State,* supra. Appellant's ground of error is overruled.

The judgment is affirmed.

W.C. DAVIS, J., concurs.

DALLY, Judge, concurring and dissenting opinion.

I concur in the result and believe the judgment should be affirmed; however, I do not agree with all of the language used. I dissent to the disposition of the appellant's sixth ground of error. I do not believe that Article 37.07, V.A.C.C.P. requires the deletion from the information and judgment of the prior conviction language showing the appellant had been charged with theft of an automobile when he was convicted of the lesser included offense of unauthorized use of an automobile. The holding in *Fairris v. State,* 515 S.W.2d 921 (Tex.Cr.App.1974) is contrary to the holding of the majority in this case; yet *Fairris v. State,* supra, is not overruled by the majority. I believe *Fairris v. State,* supra, is correct and the opinion here is incorrect.