**Roy JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–469–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.

John F. Carrigan, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, Asst. Dist. Atty., Houston, for the State.

Before GILBERTO HINOJOSA, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, Roy Jones, of aggravated robbery. *See* TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1974). Punishment, which was enhanced by two prior felony convictions, was assessed by the jury at ninety-nine years in the penitentiary. Appellant complains that information in a penitentiary packet was improperly admitted over his objection, and that this error was reversible. We affirm.

The evidence showed that Lonnie Norris and Ben Varner, the complainants, drove from Waco to Houston for a convention. They checked into a La Quinta motel for the night. At approximately 3:15 in the morning appellant knocked on their door. Norris opened it slightly, and saw appellant standing outside. Appellant asked Norris if he had heard a disturbance. Norris said he had not, and attempted to close the door.

Appellant and an accomplice forced their way into the room. The accomplice confronted Norris and Varner with a gun. Appellant then forced Norris onto the floor, held him down, and told the accomplice to shoot the two men. The accomplice assaulted Varner, injuring him in the head. Rather than shooting the two men, the accomplice asked for the keys to Norris' vehicle. Norris told them where the keys were and identified his vehicle as the van parked outside. Appellant went outside and returned a few minutes later stating to his accomplice that Norris had described the wrong vehicle, and that he should be shot. Varner then more specifically identified the van. Norris testified that he believed there was a good possibility that he would be shot in that hotel room. Before leaving with the van, appellant and his accomplice stole personal property from the two men, including clothes and jewelry. Varner was taken to the hospital for treatment of injuries he suffered during the robbery.

The van was recovered the next day. Appellant was arrested and Norris identified him in a lineup. Appellant was then charged with aggravated robbery.

At trial the State proved its case against appellant. The jury found him guilty and the sufficiency of the evidence is not challenged on appeal. During the punishment phase, evidence of two prior felony convictions was admitted for enhancement of punishment. The penitentiary packet for one conviction indicated that appellant was charged with aggravated robbery, but was convicted only of robbery. Appellant ob-

jected, complaining that the jury should not be informed that he was initially charged with aggravated robbery. This objection was overruled, and the evidence went to the jury. He was sentenced to ninety-nine years in the penitentiary.

Appellant's sole point of error claims that, over his objection, the jury was improperly informed that he had been charged of aggravated robbery in a prior case in which he had been convicted of robbery. Appellant's position is that harm is established by the unusually long prison term assessed by the jury, ninety-nine years.

■ Evidence of a prior final conviction may be admitted during the punishment phase to enhance punishment. TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon 1990). The evidence in this case, however, included a reference to a prior charge, and not to a prior conviction. It was error for the trial court to admit such evidence. *Davis v. State*, 642 S.W.2d 510, 513 (Tex. Crim.App.1982).

■ Our inquiry must focus upon whether the error was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). In *Harris v. State*, 790 S.W.2d 568, 586–88 (Tex.Crim.App.1989), the Court of Criminal Appeals articulated the proper standard of review for determining whether error in a criminal trial was harmless. Rule 81(b)(2) of the Rules of Appellate Procedure provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or punishment.

TEX.R.APP.P. 81(b)(2). The scope of review is the entire record. *Harris*, 790 S.W.2d at 586. The evidence is viewed in a neutral, impartial, and even-handed fashion, and unlike the legal and factual sufficiency standard of review, not in the light most favorable to conviction. *Id.;* (distinguishing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Harmful error analysis does not merely focus upon whether sufficient evidence ex-

ists in the record to sustain the conviction or punishment, or whether overwhelming evidence of guilt exists. Rather, harmful error analysis in criminal cases is concerned with maintaining the integrity of the process. Our responsibility transcends merely determining whether the conviction or punishment was correct, *Harris*, 790 S.W.2d at 585, and involves determining whether the trial was fair. *See also* TEX. CONST. ART. I § 10.

■ To determine whether error is harmful this Court must examine the source, nature, and degree of the error. Additionally, this Court must determine whether declaring the error harmless would encourage further error. *Harris*, 790 S.W.2d at 585.

■ We find the error harmless for the following reasons: The evidence showed that appellant committed a heinous crime. Without provocation he broke into a motel room and assaulted two older gentlemen (Norris was seventy seven). Both men reasonably feared for their lives. Not once, but several times, appellant told his accomplice to shoot them.

The evidence also showed that appellant had been convicted of this type of crime, robbery, once before. Another pen packet indicated that appellant had earlier been convicted of injury to a minor.

Based on this evidence, the jury was free to conclude that a person who had committed these acts was not fit to live side by side with other members of society for ninety-nine years. The evidence that appellant had been charged with a more serious crime should not have been admitted. However, there is no reasonable doubt that this factor did not have any impact on the jury's decision to assess such a severe punishment. Rather, the evidence of violence involved in this crime and appellant's history of committing violent crimes must have been the motivating factor behind this sentence.

In *Davis*, the Court of Criminal Appeals found this type of error harmless. The crime was rape. The jury assessed life in prison. The evidence showed much violence and "gross criminal misconduct." *Id.*

at 513. During the punishment phase, the evidence showed appellant had committed other crimes, and witnesses testified that appellant had a bad reputation for being a law abiding citizen. The pen packet indicated that the defendant had been charged with theft of an automobile, but that the charge had been reduced to unauthorized use of a motor vehicle. Although the Court found error, considering the heinous crime committed, no reversible error was presented.

Like *Davis*, this case involved a heinous crime which almost resulted in a double murder. However, this appellant has a history of committing violent crimes; not so in *Davis*. Thus, this case is even more appropriate than *Davis* for affirmance. We find no reversible error. *See also Hubbard v. State*, 809 S.W.2d 316, 323 (Tex. App.—Fort Worth 1991, no pet).

The trial court's judgment is AFFIRMED.