Affirmed and Memorandum Opinion filed June 12, 2003














Affirmed and
Memorandum Opinion filed June 12, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00184-CR

_______________

 

GLEN DALE HORNER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 344th
District Court

Chambers County, Texas

Trial Court Cause No. 10480

________________________________________________________________

 

M E M O R A N D U M   O P I N I O
N

 

            Glen Dale Horner appeals two
convictions for attempted capital murder and burglary of a habitation[1] (the
“offenses”) on the grounds that: (1) he was denied effective assistance of
counsel; and (2) the evidence was legally and factually insufficient to support
the conviction.  We affirm.




 








                                                          Ineffective Assistance

                                                             Standard of Review

            In order to establish ineffective
assistance of counsel, an appellant must show that his counsel’s performance
was: (1) deficient, i.e., it fell
below an objective standard of reasonableness; and (2) prejudicial, i.e., there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Williams v. Taylor, 529 U.S. 362,
390-91 (2000); Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003). 
Ineffective assistance claims must be affirmatively demonstrated in the record.  Bone v.
State, 77 S.W.2d 828, 835 (Tex. Crim. App. 2002).  To
overcome the presumption that a challenged action or omission might be
considered sound trial strategy, the record must ordinarily reflect the reasons
why counsel took or failed to take the action. 
See Rylander,
101 S.W.3d at 110-11.

                                                               Guilty Plea Offer

            Appellant’s first issue contends
that his trial counsel was ineffective in failing to inform him of an oral
guilty plea offer made by the State before trial.[2]  However, appellant fails to sustain this
contention in two respects.  First, he
cites no sworn testimony or other actual evidence to support it, but only a
pre-trial discussion between prosecution and defense counsel and the trial
court.  Second, the statements of counsel
in that discussion were conflicting as to whether the alleged offer was ever
made by the State.  Under these
circumstances, appellant has failed to provide a record establishing the
existence of any plea offer that was not communicated to him,[3] and
his first issue is overruled.

                                                             Federal Conviction

            Appellant’s second issue contends
that his trial counsel was ineffective in failing to object to the admission
into evidence of a federal indictment and judgment for interstate
transportation of a motor vehicle (the “federal conviction”) because there is
no evidence that appellant stole the vehicle, how he came into possession of
it, or otherwise to show a nexus to this case.

            To establish ineffective assistance
for failing to object to evidence, an appellant must establish that the
evidence was inadmissible.  See Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). 
There being no legal authority cited by appellant in support of this
issue, we interpret his challenge to be based on a lack of relevance of the
federal conviction to this case. 
However, as will be discussed with regard to appellant’s fifth point of
error, concerning the sufficiency of the evidence, the theft of the vehicle
that was the subject of the federal conviction was relevant to identifying
appellant as the person who committed the offenses charged in this case.[4]  Accordingly, his second issue is overruled.

                                                         Other Prior Convictions

            Appellant’s third issue argues that
his trial counsel was ineffective in failing to seek redaction of the portion
of the judgment from the federal conviction that showed two other previous
convictions.  However, appellant cites no
authority showing that he was entitled to any such redaction or any portion of
the record reflecting that the jury ever actually requested or reviewed this
exhibit or was otherwise informed of the two prior convictions reflected in it.[5]  Therefore, appellant’s third issue
establishes neither deficient performance nor prejudice based on his counsel’s
failure to seek the redaction and is overruled.

                                                            Mitigating Evidence

            Appellant’s fourth issue contends
that appellant’s trial counsel provided ineffective assistance of counsel by
failing to investigate and present any mitigating punishment evidence.  However, appellant provides no record to
show: (1) that his trial counsel failed to conduct such an investigation;[6] (2)
whether any mitigating evidence actually existed;[7] or (3) if
so, his counsel’s reasons for refraining from presenting it.[8]  Therefore, his fourth issue fails to
demonstrate ineffective assistance and is overruled.

                                                         Sufficiency of Evidence

            Appellant’s fifth issue asserts that
the evidence was legally and factually insufficient to identify him as the
person who committed the offenses. 

                                                             Standard of Review

            In assessing the legal sufficiency
of evidence to support a conviction, we consider all of the record evidence in
the light most favorable to the jury’s verdict and determine whether, based on
that evidence and reasonable inferences therefrom, a
rational jury could have found the accused guilty of all of the elements of the
offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Swearingen v. State, 101
S.W.3d 89, 95 (Tex. Crim. App. 2003). 
The question is not whether a rational jury could have entertained a
reasonable doubt of guilt, but whether it necessarily would have done so.  See
Swearingen, 101 S.W.3d at 96.  In
assessing factual sufficiency, we consider all of the evidence in a neutral
light to determine whether the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by the contrary
proof.  Id. at 97.

                                                              Sufficiency Review

            In this case, a masked intruder
wearing gloves kicked in the door of the complainants’ house in the middle of
the night, stabbed and cut one of the complainants, and then escaped.  In a vehicle not belonging to the
complainants, but abandoned in their driveway that night, were found photos of
appellant and a fingerprint from appellant. 
The complainants’ neighbor testified that he saw a person run from the
complainants’ house to that vehicle, remove a container from it, and then run
north across the street toward a wooded area. 
A road atlas found in that wooded area also had a fingerprint from
appellant, and a mask and bloody glove were found a short distance north of
that location.  In addition, a pickup
truck was stolen that night from a location within a mile and a half northwest
of the complainants’ house.  Before the
trial of this case, appellant was convicted in the federal conviction of
interstate transportation of that vehicle on the same date as the offenses were
committed.

            The foregoing evidence: (1) connects
the intruder to the automobile in the complainants’ driveway and to an escape
route through the woods to the north; and (2) connects appellant to the
automobile in the complainants’ driveway, the road atlas found along the
intruder’s escape route, and a truck that was stolen somewhat farther away in
the same general direction the same night. 
This evidence is legally sufficient to prove that appellant was the
intruder, and, there being no evidence cited by appellant to the contrary, is
also factually sufficient to do so. 
Accordingly, appellant’s fifth issue is overruled, and the judgment of
the trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed June 12, 2003.

Panel
consists of Chief Justice Brister, and Justices Fowler and Edelman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











[1]           In a single trial, appellant was
convicted by a jury of both offenses and sentenced by the trial court to 99
years confinement for each offense.





[2]           See, e.g.,
Ex parte Lemke, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000) (stating that the failure of defense
counsel to inform a criminal defendant of plea offers made by the State is an
omission that falls below an objective standard of professional
reasonableness).





[3]           See Bone, 77 S.W.3d
at 835.





[4]           See Tex. R. Evid. 404(b)
(extraneous offense evidence may be admissible for the purpose of showing  identity).





[5]           See Tex. Code Crim.
Proc. Ann. art. 36.25 (Vernon 1981) (there shall be furnished to the
jury upon its request any exhibits admitted as evidence in the case); Davis v. State, 642 S.W.2d 510, 513-14
(Tex. Crim. App. 1982) (overruling a similar
ineffectiveness claim on the ground that the record did not reflect that the
jury ever requested or received the judgment of conviction from which the prior
conviction had not been deleted).





[6]           See Bone, 77 S.W.3d
at 835.





[7]           See id.
(overruling similar ineffectiveness claim for lack of a record showing that any
mitigating evidence existed).





[8]           See Rylander, 101 S.W.3d at 110-11.