**AFFIRM; and Opinion Filed December 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00598-CR

### ORBE JOEL GARCIA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1655193-V**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Boatright

A jury convicted appellant Orbe Joel Garcia of continuous sexual abuse of a child and assessed punishment at forty-five years in prison. In two issues on appeal, appellant asserts that the trial court erred by denying his motion for mistrial and by overruling his objection to hearsay evidence. We affirm the trial court's judgment.

## BACKGROUND

K.D. was in fifth grade when she made an outcry of sexual abuse to her school counselor, Marlow Melton. K.D. told Melton that appellant, her stepfather, was touching her and having sex with her. Although K.D. was unable to provide an exact timeline of when the abuse occurred, she told Melton that it happened multiple times a month. Melton called Child Protective Services. She also called K.D.'s mother and 911.

K.D. testified at trial. She stated that appellant began touching her when she was in fourth grade. She described the things that appellant did to her, and she said she did not tell her mother because she was afraid appellant would do something bad to her mother.

In addition to the testimony of K.D. and Melton, the State presented the testimony of K.D.'s mother, her uncle, and her friend and classmate, F.O. The police detective who investigated the case also testified, as did the interviewer who conducted K.D.'s forensic interview, the psychologist who evaluated K.D. after her outcry, the child abuse pediatrician who conducted the sexual assault exam, and K.D.'s therapist. K.D.'s medical and therapy records were also admitted into evidence.

The jury convicted appellant of the offense of continuous sexual abuse of a child fourteen years or younger and assessed punishment at forty-five years in prison. After appellant's motion for new trial was overruled by operation of law, he filed this appeal.

## DISCUSSION

### A. Motion for Mistrial

In appellant's first issue, he contends the trial court erred in denying his motion for mistrial after K.D. testified that he was violent with her mother. Prior to trial, appellant filed an omnibus pretrial motion and a motion in limine requesting, among other things, that the trial court order the State to refrain from referencing extraneous offenses without first approaching the bench and obtaining a ruling from the court. The record does not contain an order whereby the court ruled on either motion. However, during trial, the judge noted that there was a motion in limine that restricted any mention of domestic violence. The judge informed counsel for both parties that he wanted to hear and rule on any testimony pertaining to domestic violence before it was presented to the jury.

During trial, the prosecutor asked K.D., "when all of this was happening . . . what made you feel like you couldn't tell your mom?" K.D. responded, "I thought he would do something bad to her." The prosecutor then asked K.D. what made her think appellant would do something bad to her mother. K.D. responded that appellant was very violent with her. Defense counsel objected and asked for a hearing outside the presence of the jury. After the jury left the courtroom, counsel argued that appellant's motion in limine had been violated, that a curative instruction would not resolve the error, and that the prejudicial effect of K.D.'s testimony outweighed any probative value. He then asked for a mistrial. The judge denied the request for a mistrial and expressed doubt that K.D.'s testimony had violated the motion in limine. The judge also stated that the testimony was relevant and was allowed by article 38.37 of the Code of Criminal Procedure.

Appellant argues in his first issue that the trial court erred by denying his motion for mistrial. "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Whether an error requires a mistrial is determined by the particular facts of the case. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Id*. We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). We uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*.

To preserve a complaint at trial, the traditional and preferred procedure is to: (1) make a timely, specific objection, (2) request an instruction to disregard if the prejudicial event has already occurred, and (3) move for a mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). A party may skip the first two steps and request a mistrial. But he will be entitled to a mistrial only

if a timely objection would not have prevented, and an instruction to disregard would not have cured, the harm flowing from the error. *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). Here, appellant has failed to show such entitlement.

In asking K.D. what made her think appellant would do something bad to her mother, the prosecutor clearly signaled what information the prosecutor was seeking—and gave defense counsel the opportunity to object before K.D. responded. Instead, defense counsel did not object until after K.D.'s testimony that she did not tell her mother about appellant's abuse because she thought appellant might do something bad to her mother because he had been violent with her. "An objection made after the prosecutor has elicited the testimony comes too late." *Cruz v. State*, 238 S.W.3d 381, 385 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). In addition, appellant did not request an instruction to disregard. Instead, defense counsel stated, "I don't believe that there's a curative instruction that the jury could hear at this point as to what that means." But testimony referring to or implying extraneous offenses allegedly committed by the appellant may be rendered harmless by an instruction from the trial court. *Davis v. State*, 642 S.W.2d 510, 512 (Tex. Crim. App. [Panel Op.] 1982). Although requesting lesser remedies is not a prerequisite to a motion for mistrial, when the appellant does not first request a lesser remedy, we will not reverse the trial court's judgment if the problem could have been cured by the less drastic alternative. *Ocon*, 284 S.W.3d at 885.

Appellant argues that the trial court should have granted his motion for a mistrial because K.D.'s testimony that he was violent with her mother was highly prejudicial. However, he presents no argument or authority to support his assertion that the prejudicial effect of K.D.'s testimony was so extreme as to warrant a mistrial. The State, on the other hand, contends that any prejudice caused by K.D.'s testimony did not warrant the drastic remedy of a mistrial because the same evidence was presented to the jury elsewhere during trial without objection. Prior to K.D.'s

testimony, three of the State's exhibits containing a reference to the history of domestic violence between K.D.'s mother and appellant were admitted into evidence without any objection by appellant. Dr. Suzanne Dakil, a child abuse pediatrician at Children's Medical Center, also testified without objection that the records reflected that "[m]other stated stepfather pushed mother one time and patient was present."

Moreover, immediately prior to K.D.'s testimony and outside the presence of the jury, the prosecutor informed the judge and defense counsel that she intended to call K.D.'s therapist and would offer and introduce records from her therapy sessions. The prosecutor explained that K.D.'s therapy involved a trauma narrative in which K.D. told what happened to her and also referred to appellant's domestic violence towards her mother. The prosecutor stated that she intended to ask K.D. and her therapist about the domestic abuse that K.D. had witnessed her mother suffer. When the court asked defense counsel for a response, defense counsel responded "that's fine."

Thus, other evidence of domestic violence involving appellant and K.D.'s mother was admitted, without objection, before K.D.'s testimony that appellant was violent to her mother. And when offered the opportunity to object, in advance, to such testimony by K.D. or her therapist, appellant had no objection. Considering the facts in this case, we are not persuaded that K.D.'s testimony was so extremely prejudicial as to warrant a mistrial. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We conclude that the trial court did not abuse its discretion by denying appellant's motion for mistrial. We overrule appellant's first issue.

### B. Hearsay Objection

Appellant argues in his second issue that the trial court erred by overruling his hearsay objection to a statement by K.D.'s friend and classmate, F.O. We review a trial court's ruling to admit or exclude evidence for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex.

Crim. App. 2016). We reverse only when the trial court's decision was so clearly wrong as to fall outside the zone of reasonable disagreement. *Id*. We uphold the trial court's ruling if it is reasonably supported by the evidence and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

F.O. testified that during reading class at school, K.D. was sad and crying. She asked K.D. what was wrong, but K.D. did not want to talk. F.O. said that they went to the restroom and she again asked K.D. what was wrong. The prosecutor asked F.O. what K.D. told her and F.O. began to respond, "[t]hat her stepfather was . . . ." Defense counsel immediately objected on the grounds of hearsay. The court overruled the objection. F.O. then testified that K.D. told her that her stepfather was touching her. F.O. explained that she convinced K.D. to talk to the school counselor and accompanied her to the school counselor's office.

The State contends the trial court properly overruled appellant's hearsay objection because F.O.'s testimony was not hearsay. According to the State, F.O.'s testimony was not offered to prove the truth of the contents of K.D.'s statement that her stepfather was touching her but, instead, was offered to show that the conversation occurred and to explain how the authorities learned about the sexual abuse. A statement that is not offered to prove the truth of the matter asserted, but rather is offered for the purpose of what was said, does not constitute hearsay. *Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999).

The State also contends that even if the statement was hearsay, it did not affect appellant's substantial rights and was harmless. We agree. Under the Texas Rules of Appellate Procedure, we must disregard any error that does not affect the appellant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). In assessing the likelihood that the jury's decision was adversely affected by the error, we consider

everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Id*. We may also consider the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Id*. at 518–19. We are also mindful that erroneously admitting evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Coble*, 330 S.W.3d at 282. In this case, the complained-of evidence had already been received without objection. According to the record, F.O.'s testimony was preceded by Melton's testimony. Melton testified, without objection, that F.O. brought K.D. to her office and that F.O. told Melton that K.D.'s stepfather was touching her. Melton also related, without objection, what K.D. told her about being sexually abused by her stepfather. Accordingly, we conclude that any error in overruling appellant's hearsay objection was harmless. We overrule appellant's second issue.

## CONCLUSION

We conclude the trial court did not abuse its discretion by denying appellant's motion for mistrial and hearsay objection. Accordingly, we affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170598F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

ORBE JOEL GARCIA, Appellant

No. 05-17-00598-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1655193-V.
Opinion delivered by Justice Boatright.
Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of December, 2018.