Dwayne LEVY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–92–00093–CR.

Court of Appeals of Texas,
Texarkana.

Aug. 10, 1993.

T. Kevin Golden, Inmate Legal Services, Tex. Dept. of Crim. Justice, Sugar Land, for appellant.

Mary Peter Cudd, Asst. Dist. Atty., Angleton, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Dwayne Levy was convicted of aggravated assault on a Department of Criminal Justice guard. His punishment, enhanced by a prior conviction, was set at twenty-five years' imprisonment and a $10,000.00 fine. Levy alleges error only at the punishment stage, viz, the admission into evidence of details of a prior offense, submission of an incorrect penalty range to the jury, refusal to submit a definition of "reasonable doubt" to the jury,

and refusal of the trial judge to answer a question from the jury during deliberation. We overrule these contentions and affirm the judgment.

■ Levy first argues that the court erred by allowing the indictment for a prior conviction to be included with copies of the judgment and sentence in the pen packet admitted into evidence. He contends that the indictment contained details of the prior offense and its admission improperly introduced those details into evidence. We disagree. The indictment in a prior final conviction is admissible at the punishment phase of a trial. *Fairris v. State,* 515 S.W.2d 921, 923 (Tex.Crim.App.1974); *Knox v. State,* 487 S.W.2d 322, 326 (Tex.Crim.App.1972). The evidence of the prior conviction, however, is sufficient if the pen packet contains only the judgment and the sentence, and it is not *necessary* that the indictment be introduced. *Pinkston v. State,* 681 S.W.2d 893, 905 (Tex. App.—Fort Worth 1984, no pet.); *see also Edwards v. State,* 632 S.W.2d 908, 911 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (same holding as *Fairris v. State, supra,* and *Knox v. State, supra* ).

■ The two cases cited by Levy, *Stevens v. State,* 671 S.W.2d 517, 522 (Tex.Crim.App. 1984), and *Murphy v. State,* 587 S.W.2d 718 (Tex.Crim.App. [Panel Op.] 1979), are not in point. The court in those cases held that the State should not go into the *details* of a prior offense when it has the burden of proving that a defendant has been finally convicted of an offense. The prosecutor in this case did not inquire into the details of the prior offense, and we reject Levy's contention that the mere introduction of an indictment which resulted in a final conviction constituted an improper admission of the details of the prior offense.

■ Levy also contends that the trial court erred in charging the jury on a penalty range more severe than that allowed by law for a third degree felony aggravated assault. The range authorized for a third degree felony is: (1) imprisonment for any term of not

more than ten years or less than two years; or (2) confinement in a community correctional facility for any term of not more than one year. TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1993). In addition, a fine not to exceed $10,000.00 may be imposed. *Id.*

Because of the enhancement paragraph in the indictment and Levy's plea of "not true" to that paragraph, ranges for both a second degree felony and a third degree felony were included in the jury charge. If the jury found the enhancement allegation true, the offense would be enhanced to a second degree felony. Levy objected because the charge omitted the option of confinement in a community correctional facility for not more than one year. The court overruled the objection when the State asked it to take judicial notice that the county had no community correctional facility. In cases where punishment is referred to the jury, either party may offer into evidence the availability of community corrections facilities serving the jurisdiction in which the offense is committed. *See* TEX.CODE CRIM.PROC.ANN. art. 37.-07, § (3)(f) (Vernon Supp.1993).[1]

The trial court instructed the jury that if it found the enhancement allegation true, it should assess punishment at confinement in the penitentiary for not more than twenty years or less than two years, and in addition could assess a fine not to exceed $10,000.00. The court also instructed the jury that if it did not find that Levy had a prior conviction, it should assess punishment at confinement in the penitentiary for any term of not more than ten years or less than two years, and in addition could impose a fine not to exceed $10,000.00. This is the range authorized by Section 12.34 of the Penal Code, except that the court did not instruct the jury that it could, as an alternative, assess confinement in a community correctional facility for any term of not more than one year, as provided by Section 12.34(a)(2) of the Penal Code.

Levy argues that the alternative punishment of confinement in a community correctional facility is not made conditional on there being a community correctional facility

---

1. Section 3(f) added by Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, § 30, 1990 Tex.Gen.Laws 135, effective June 18, 1990.

in the county and that he, therefore, did not have an opportunity to be assessed the lower penalty authorized by Section 12.34(a)(2). While that is true, in reality he had no opportunity even to be considered for confinement in a community correctional facility because the jury found the enhancement allegation true. Thus, the only range appropriate was from two to twenty years' confinement and a $10,000.00 fine. The jury assessment of twenty years' confinement and a $10,000.00 fine was within the range authorized by the court's instruction of the range of punishment to use if the jury found—as it did—the enhancement allegation to be true.

We have found no case which addresses whether the trial court must charge the jury as to the alternative of assessing punishment at confinement in a community correctional facility when no such facility exists in the county where the offense occurred. In this case, the jury, once it found the enhancement allegation true, was limited to consideration only of confinement for not less than two nor more than twenty years, plus an optional fine of $10,000.00. There was, therefore, no possibility that Levy could have been assessed punishment at confinement in a community correctional facility, as confinement in such a facility is applicable only to a third degree felony. There was no error.

■ Next, Levy contends that the trial court erred in refusing his request to include a definition of "reasonable doubt" in its charge on punishment. The court submitted a definition of reasonable doubt in its charge in the guilt-innocence stage of the trial, as is required by *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Although the trial court overruled Levy's request to repeat the definition in the charge on punishment, it did instruct the jury that, in setting punishment, it was bound by the charge given at the guilt-innocence stage as well as by the charge at the punishment stage. Effectively, this placed the definition of reasonable doubt into the charge for the punishment stage of the trial.

The court in *Geesa* did not require that a definition of reasonable doubt be given at both the guilt-innocence stage and the punishment stage. It merely directed that the

definition be submitted to the jury during a criminal trial. *Id.* at 162. The purpose of including a definition of a word or term in the charge is to assist the jury in making its findings during the guilt-innocence phase and in determining the penalty, if any, to be assessed. In this case, the jury was provided the definition during the first stage of the trial and was reminded by the court in the second stage that it was bound by the earlier instruction. We find no error.

■ Finally, Levy contends that the trial court erred in refusing to answer the jury's question whether Levy's sentence would be served concurrently or consecutively.

During deliberation at the punishment stage of the trial, the jury sent a note to the trial judge asking what were the implications of possible parole and of concurrent or consecutive sentences. The note also asked who was responsible for paying a fine. After a colloquy with counsel for both sides, the trial judge responded in a typed reply: "You are instructed that you're not to consider the questions raised regarding possible parole or concurrent or consecutive sentences. The Defendant is responsible for paying any fine assessed."

Tex.Code Crim.Proc.Ann. art. 42.08(b) (Vernon Supp.1993) requires that a sentence for an offense committed by a person while incarcerated in the Texas Department of Criminal Justice be served consecutively with his other sentence. Levy contends that the court should have instructed the jury that the sentences would be served consecutively. Article 42.08 provides no support for this contention, and Levy has cited no other authority. In the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to the effect of the parole laws or how long a defendant will be required to actually serve under a given sentence. The court properly refused to answer the question.

The judgment of the trial court is affirmed.