11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

 

Anthony Gustavo Chavez

Appellant

Vs.                   No.
11-01-00002-CR B Appeal from Scurry County

State of Texas

Appellee

 

The jury
convicted appellant of possession of a controlled substance in a correctional
facility.  The jury found the
enhancement paragraphs to be true and assessed his punishment at 60 years
confinement.  In four points of error,
appellant argues that the State made an impermissible jury argument, that the
trial court erred in admitting evidence of appellant=s prior conviction for impeachment, that the
trial court erred in denying his request for appointment of new trial counsel,
and that he received ineffective assistance of counsel.  We affirm. 

There is
no challenge to the sufficiency of the evidence.  The record shows that appellant was an inmate in the Texas
Department of Criminal Justice and that he was being held in administrative
segregation for his safety.  Donald R.
Pavlovsky, a correctional officer assigned to administrative segregation,
testified that on May 24, 1999, he took appellant to the shower and then
conducted a search of appellant=s cell.  While searching
appellant=s cell, Officer Pavlovsky found a Acoax cable connector@ and a Amarks-a-lot.@  The cable connector and the marker both
contained a Alatex looking balloon@ inside. 
Officers found a Agreen leafy substance@ inside of the latex balloon that was later determined to be
marihuana.  The following day, Sergeant
Darry Thompson went to appellant=s cell at appellant=s request. Appellant gave Sergeant Thompson some toilet paper that
contained a Agreen leafy substance,@ which was also found to be marihuana.








Appellant
testified at trial that he did possess marihuana in the correctional facility
but that his possession was justified. 
Appellant stated that he was being threatened by gang members and that
there were  two Ahits@ on his life.  One of the Ahits@ on his life was by a person who used the nickname ACrunch.@ Appellant testified that marihuana was used as part of a bartering
system.   Appellant said that he
possessed the marihuana to gain information and learn the identity of ACrunch.@  Appellant then intended to give
ACrunch@ marihuana to persuade him to leave appellant alone. 

In his
first point of error, appellant argues that the trial court erred in overruling
his objection to the State=s impermissible jury 
argument.   In the closing
argument of the guilt/innocence phase of the trial, the State made the
following argument: 

If you buy
into this claim of necessity, then what the Charge says you are doing is you
are making him not subject to criminal prosecution.  Not subject to criminal prosecution for violating a law and
possessing a controlled substance.  Let
me tell you what you will be doing if you do say that he is not subject to
criminal prosecution and that you will buy this when there=s not any corroboration of his claim at
all.  He brings you no witnesses to even
substantiate one single thing he says. 
Then you will be telling all inmates it=s okay, you can possess a controlled substance in the penitentiary and
all you have to do is concoct a story that someone is out to get you; that you
have a family member out in the free world somewhere who=s got this hit out on you because we haven=t heard any shred of evidence of any of his
claims except from him.

 

So [all]
any inmate has to do is come up with a story like that, and then they can
possess contraband in the penitentiary because they might use that contraband
to trade for information.  They can
possess weapons in the penitentiary because of that necessity.  If they make up a story it=s a necessity I have to have this weapon then
that=s okay, and they would not be subject to
criminal prosecution.  They would be
able to assault correctional officers and be able to say, I had to do it.
Someone told me that if I didn=t assault that officer, they were going to kill me.

 

 A jury argument must fall within one of the
four general areas: (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; and (4) plea for
law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.Cr.App.2000).
Appellant specifically argues that the prosecution=s closing argument injected new, harmful, and
speculative facts into the case.  








Appellant=s trial counsel argued during his closing
argument that appellant possessed the marihuana out of necessity to protect his
life from Aimminent harm.@  Appellant=s trial counsel further argued that appellant=s possession of the marihuana was Aimmediately necessary@ to find out the identity of ACrunch.@  The State=s argument was in response to the argument of
appellant=s trial counsel.  See Coble v. State, 871 S.W.2d 192 (Tex.Cr.App.1993), cert.
den=d,  513 U.S. 829 (1994).  Appellant=s first point of error is overruled.

In his
second point of error, appellant argues that the trial court erred in admitting
a prior conviction used for impeachment. 
Appellant=s trial counsel objected to the admission of
a March 13, 1986, conviction for aggravated robbery, citing TEX.R.EVID. 609.  Rule 609 provides in relevant part:

(a) For
the purpose of attacking the credibility of a witness, evidence that the
witness has been convicted of a crime shall be admitted if elicited from the
witness or established by public record but only if the crime was a felony or
involved moral turpitude, regardless of punishment, and the court determines
that the probative value of admitting this evidence outweighs its prejudicial
effect to a party.            

 

(b)
Evidence of a conviction under this rule is not admissible if a period of more
than ten years has elapsed since the date of the conviction or of the release
of the witness from the confinement imposed for that conviction, whichever is
the later date, unless the court determines, in the interest of justice, that
the probative value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effect.  

 

The trial
court found, after testimony from appellant, that it had not been more than ten
years since appellant was released from confinement for that conviction.  The trial court further found that that
conviction was not too remote to be used for impeachment.   Appellant specifically argues that the
trial court did not conduct the Rule 609 balancing test to determine if the
probative value was outweighed by the prejudicial effect.   However, the record demonstrates that the
trial court did conduct the balancing test. 
The trial court stated: 

And just for the record, let me also say that
I have also, at the request of the Defense, weighed and determined that the
probative value of convictions is not substantially outweighed by the
prejudicial effect they may have in front of the jury and, therefore, for
impeachment purposes you may offer them. 


 

Appellant=s second point of error is overruled.

Appellant
argues in his third point of error that the trial court erred in denying his
pro se motion requesting new appointed counsel. Appellant argues that his trial
counsel failed to communicate with him in a meaningful manner and that trial
counsel divulged all the mitigating factors to the State which prejudiced his
defense. 








The trial
court has discretion to determine whether counsel should be allowed to withdraw
from a case.  King v. State, 29 S.W.3d
556, 566 (Tex.Cr.App.2000); Green v. State, 840 S.W.2d 394, 408
(Tex.Cr.App.1992), cert. den=d, 507 U.S. 1020 (1993). 
Personality conflicts and disagreements concerning trial strategy are
typically not valid grounds for withdrawal. 
King v. State, supra.  A trial
court has no duty to search for counsel agreeable to the defendant.  King v. State, supra.   The burden is on the defendant to show that
he is entitled to change of counsel. 
Webb v. State, 533 S.W.2d 780, 784 (Tex.Cr.App.1976).

            Appellant=s trial counsel testified at a hearing on the
motion requesting new appointed counsel that he discussed appellant=s case with the State in negotiating a plea
bargain.  After the plea negotiations,
the State offered appellant a plea bargain agreement in which he would receive
30 years confinement.  Appellant
rejected this offer.  Appellant has not
shown that the trial court abused its discretion in denying his request for new
counsel.  Appellant=s third point of error is overruled.

Appellant
argues in his fourth point of error that he received ineffective assistance of
counsel.  In order to determine whether
appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999).  We must
indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance; and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d
503, 508-09 (Tex.Cr.App.1991).

Appellant
first contends that his trial counsel was ineffective because he failed to make
a proper objection to the State=s improper jury argument during the punishment phase of the trial.  The State argued that the jury should send
appellant a message by its sentence that the community is Afed up@ with his behavior.   The State
also argued that the jury would be sending a message to the other inmates and
to prison employees that the employees would be protected.  The State=s argument was a permissible plea for law enforcement.  Borjan v. State, 787 S.W.2d 53
(Tex.Cr.App.1990).  Appellant=s trial counsel was not ineffective in
failing to object to the argument.








Appellant
also argues that,  during its jury
argument at punishment, the State commented on his failure to testify at the
punishment phase of trial.  Appellant
complains about the following:  A[i]n helping you determine what the
appropriate penalty is sometimes it=s  - it=s a help to think about who you did not hear
from.@ 
However, in reviewing the State=s entire jury argument, the State went on to address several people
whom appellant did not call to testify on his behalf at punishment, such as a
teacher, a work supervisor, or a priest. 
Appellant=s trial counsel was not ineffective in
failing to object to the State=s argument.

Appellant
next complains  that his trial counsel
was ineffective in failing to object to the pen packet which contained
impermissible information about the underlying facts of his prior offenses and
in failing to object to the State=s closing argument referring to the pen packets.  During closing argument at the punishment
phase of the trial, the State asked the jury to A[t]ake a look at the Pen packets that are there...and you will see that
[appellant] threatened someone with scissors if they did not give him money.@  The
record shows that the indictment from appellant=s previous conviction was admitted as part of the pen packet.  The indictment alleged that appellant, while
in the course of committing theft of property, used and exhibited a deadly
weapon, scissors.  The indictment in a
prior final conviction is admissible at the punishment phase of a trial.  Fairris v. State, 515 S.W.2d 921
(Tex.Cr.App.1974); Levy v. State, 860 S.W.2d 211(Tex.App. ‑ Texarkana
1993, pet=n ref=d).  Appellant=s trial counsel was not ineffective in
failing to object to the admission of the pen packet and in failing to
object  to the State=s closing argument referring to the properly
admitted evidence. 








Appellant
contends that his trial counsel was ineffective because he failed to preserve
error by using a peremptory strike after the trial court=s denial of his challenge for cause of a
venire member who ultimately was a member of the jury.  During voir dire, a venire member stated
that she worked for Western Texas College and that she taught classes at the prison.  When questioned by the State, the venire
member stated that she would be able to follow her oath and the law and that
she would be a fair and impartial juror. 
Appellant=s trial counsel asked if her job would affect
her serving on  the jury, and the venire
member stated that she Awould like to think it wouldn=t.@  She
went on to say that she would prefer not to serve because she had some safety
concerns.   While making his challenge
for cause, appellant=s
trial counsel stated that he thought the venire member would be an Aexcellent juror@ and would Amore
than likely tend to favor [appellant] over the State based on what she said.@ 
Appellant has not overcome the presumption that his trial counsel=s decision not to use a peremptory strike was
sound trial strategy.

Appellant also
alleges that his trial counsel was ineffective because trial counsel did not
adequately question the jury panel during voir dire and because trial counsel
told the jury panel prejudicial information during voir dire.  Appellant was charged with possession of a
controlled substance in a correctional facility.  Appellant=s trial counsel told the jury panel at the outset of his voir dire
that, because of the charged offense, the jury panel would know that appellant
had been convicted of a crime and that, Aif you have a problem with that, now is the time to ask questions.@ 
Appellant=s trial counsel went on to question the jury
panel on several different pertinent areas. 
Appellant has not shown that his trial counsel was ineffective in
conducting his voir dire examination.

Finally,
appellant complains that his trial counsel=s overall representation undermines confidence in the outcome of the
trial.  After reviewing the record, we
find that appellant has not shown that his trial counsel=s performance fell below an objective
standard of reasonableness.  Appellant=s fourth point of error is overruled.  

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

September 19, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.