

# NUMBER 13-08-00601-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GERARDO VILLARREAL A/K/A
JERRY VILLARREAL,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Benavides

Appellant, Gerardo Villarreal a/k/a Jerry Villarreal, appeals from his conviction after a jury trial on three counts: aggravated sexual assault of a child (counts one and two); and indecency with a child by contact (count three). *See* TEX. PENAL CODE ANN. §§ 21.11 (Vernon Supp. 2009) (indecency with a child by contact), 22.021 (Vernon Supp. 2009) (aggravated sexual assault of a child). The jury assessed punishment as follows: (1) on

counts one and two, forty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division ("TDCJ–ID"), for each offense; and (2) on count three, twenty years' confinement in TDCJID. The trial court ordered the sentences to run consecutively. *See id.* § 3.03(b)(2) (Vernon Supp. 2009); TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2009). Villarreal raises two issues on appeal: (1) the trial court abused its discretion and violated his constitutional rights to due process and to confrontation of witnesses by admitting the victim's videotaped interview; and (2) the trial court erred by not instructing the jury regarding the trial court's authority to order the sentences to run concurrently or consecutively. We affirm.

## I. BACKGROUND[1]

Dinora Rubio, Villarreal's wife at the time the underlying events occurred, was approached by their son, J.V., who informed her that their daughter, A.V., had "made out" with Villarreal. Rubio questioned A.V. about the incidents and learned that, in the "old days" when Rubio worked nights, Villarreal had had sex with A.V. and had touched her inappropriately. Before reporting the allegations to either Child Protective Services ("CPS") or to the police, Rubio took A.V. to see a counselor, Sally Guerra. After meeting with A.V. twice, Guerra informed Rubio that she needed to contact CPS regarding the incidents.

Stephanie Diaz, the "investigator supervisor of the sexual abuse unit" for CPS, testified that a former CPS employee took both A.V. and J.V. to the Nueces County Children's Advocacy Center ("Advocacy Center"). At the Advocacy Center, A.V. met with Ricardo Jimenez, the lead forensic examiner. Jimenez testified that he recorded his one-on-one interview with A.V. Over Villarreal's objection, the DVD recording was played to the

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decisions and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

jury.

At trial, A.V. testified that Villarreal had penetrated her sexual organ with his sexual organ on multiple occasions when she was four and five years old.[2] She also testified that Villarreal had touched her "privates" with his hand and that he had touched her "butt" with his "privates."

The jury found Villarreal guilty on all three counts and then sentenced him to forty-five years on counts one and two and twenty years on count three. The trial court ordered the three sentences to run consecutively. This appeal ensued.

## II. DUE PROCESS AND CONFRONTATION OF WITNESSES

In his first issue, Villarreal argues that the trial court abused its discretion when it admitted the videotaped interview of A.V., resulting in a violation of his due process and confrontation clause rights. The State contends that Villarreal waived this issue. We agree.

To properly preserve error for appellate review, the appealing party must make a timely, specific objection to the trial court. *See* TEX. R. APP. P. 33.1. Even constitutional error may be waived. *See Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991) (en banc).

When the State sought to admit A.V.'s videotaped interview during Jimenez's testimony, Villarreal objected on three grounds: (1) Jimenez was not the proper outcry witness; (2) hearsay; and (3) improper bolstering. The trial court overruled all three objections. Villarreal does not direct us to, nor are we able to locate, any place in the record where he objected to the admission of the videotaped interview on either due process or confrontation grounds. Therefore, we conclude that he failed to preserve this

---

[2] A.V. used the terms "cookies" and "privates" to refer to her female sexual organ and the terms "privates," "wee wee," "huevos," and "huevitos" to refer to Villarreal's male sexual organ.

issue for our review. *See id.* at 699-700 (holding that to preserve error when the State offers "an out-of-court statement of a child witness pursuant to [code of criminal procedure art.] 38.072 . . . , it is incumbent upon the accused to object on the basis of confrontation and/or due process and due course of law"). Villarreal's first issue is overruled.

### III. JURY CHARGE ERROR

In his second issue, Villarreal asserts that the trial court erred by not instructing the jury regarding the trial court's discretion to run any sentences imposed concurrently or consecutively. *See* TEX. PENAL CODE ANN. § 3.03(b)(2); TEX. CODE CRIM. PROC. ANN. art. 42.08(a). On appeal, Villarreal's entire argument on this point is as follows:

> The egregious consequences are caused by [the] failure of the [trial court] to inform the jury that he had the power to run offenses consecutively. In the case at bar, [the trial court] sentenced the Defendant on the three separate counts in the indictment and found that these sentences run consecutive to one another. We [appellate counsel] examined the record to determine whether the lack of instruction constituted egregious error. The [trial court] failed to instruct the jury about a consecutive term of punishment.

When reviewing unobjected-to jury charge error, we must first determine whether the charge was erroneous. *See Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010); *see also Reyes v. State*, No. 13-09-00134-CR, 2010 WL 1254543, at *7 (Tex. App.–Corpus Christi Apr. 1, 2010, no pet. h.) (mem. op., not designated for publication). If we determine that error occurred, we then consider whether the unobjected-to error caused egregious harm. *See Tolbert*, 306 S.W.3d at 779 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). We conclude that no error occurred.

In cases such as the present one, it would be "improper for the trial court to instruct the jury on the consecutive sentencing law or to inform it of the effect such law might have

4

on how long [Villarreal] might serve." *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.–Texarkana 2003, no pet.) (citing *Levy v. State*, 860 S.W.2d 211, 213 (Tex. App.–Texarkana 1993, pet. ref'd) ("In the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to the effect of the parole laws or how long a defendant will be required to actually serve under a given sentence.")); *see Stewart v. State*, 221 S.W.3d 306, 316 (Tex. App.–Fort Worth 2007, no pet.); *see also* TEX. PENAL CODE ANN. § 3.03(b)(2) (noting that the trial court has discretion whether to order sentences to run consecutively or concurrently); TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (same); *Helgerson v. State*, No. 13-07-00359-CR, 2008 WL 5179734, at *3 (Tex. App.–Corpus Christi Aug. 28, 2008, pet. ref'd) (mem. op., not designated for publication) ("We hold that because the legislature has charged the trial court[—]not the jury[—]with the determination of whether to cumulate sentences, the trial court did not err in denying appellant's request to discuss the cumulative sentencing statute with the jury panel on voir dire.") (citing *Estrada v. State*, Nos. 05-06-00394-CR, 05-06-00395-CR, 2007 Tex. App. LEXIS 3892, at *9 (Tex. App.–Dallas May 18, 2007, no pet.) (not designated for publication) ("Whether multiple sentences run concurrently or consecutively is a matter left to the trial court's discretion. It is not a matter for the jury to decide. Accordingly, we conclude it is not a matter that the trial court was required to submit to the jury.") (citations omitted)); *Camacho v. State*, No. 04-06-00713-CR, 2007 WL 3270766, at *5 (Tex. App.–San Antonio Nov. 7, 2007, no pet.) (mem. op., not designated for publication) (affirming, as a correct statement of the law, the trial court's instruction which "specifically directed the jury *not* to consider whether Camacho's sentences would be served consecutively or concurrently, as that was a matter to be determined by the court")

(emphasis in original); *Manzano v. State*, No. 10-04-00323-CR, 2006 WL 348463, at *4 (Tex. App.–Waco Feb. 15, 2006, pet. ref'd) (not designated for publication) ("We hold that due process does not require that the jury be given information about the trial court's ability to cumulate sentences or order them to run concurrently."); *Peterson v. State*, Nos. 01-02-00603-CR, 01-02-00604-CR, 2003 WL 22681607, at *5 (Tex. App.–Houston [1st Dist.] Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication) (finding no error when the trial court did not provide an instruction on stacking after the jury queried whether the sentences would run consecutively). Therefore, because it would have been improper for the trial court to have provided such an instruction, we conclude that the trial court did not err by failing to do so. We overrule Villarreal's second issue.

## IV. Conclusion

Having overruled both of Villarreal's appellate issues, we affirm the judgment of the trial court.

_____

_____
GINA M. BENAVIDES,
Justice

Do Not Publish.
Tex. R. App. P. 47.2(b)

Delivered and filed the
29th day of June, 2010.