NO. 07-09-00314-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
6, 2011

 



 

JAMMIE LEE MOORE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 57,934-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

OPINION

            Appellant,
Jammie Lee Moore, was convicted of possession of
methamphetamine in an amount of four grams or more but less than 200 grams,[1]
enhanced by a plea of true to two prior felony convictions.  The jury sentenced appellant to confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
period of 50 years.  The trial court
ordered appellant’s sentence to be served after he had completed serving his
sentence in Cause No. 55,555-E. 
Appellant has appealed, and we will affirm the judgment of the trial
court as modified.

 

Factual and Procedural Background

            Appellant
was convicted of possession of methamphetamine in an amount of four grams or
more but less than 200 grams and sentenced, after a plea of true to two prior
felony convictions, to confinement for 50 years in the ID-TDCJ.  Appellant has not attacked the jury’s finding
of guilt; therefore, only such of the factual background as is relevant to the
issues raised will be recited in this opinion. 

            After
the jury had found appellant guilty of the indicted offense and appellant
pleaded true to the prior felony convictions, the trial court proceeded to hear
testimonial evidence in the punishment portion of the trial.  During this part of the trial, the State
called Leo Ramirez, an employee of the Texas Department of Criminal Justice
(TDCJ), as a witness.  Ramirez described
his position as a sergeant in the security threat group of the TDCJ.  Further, Ramirez testified that his main job
involved the subject of gang intelligence. 
As part of his job, Ramirez stated he was familiar with the reports
generated at TDCJ that referenced an inmate’s participation in a prison
gang.  Eventually, Ramirez testified that
appellant was a member of the Aryan Brotherhood of Texas.  Upon cross-examination, Ramirez testified
that appellant was transferred to another unit prior to his last parole in an
attempt to disassociate him from the gang. 
However, Ramirez testified that, according to the records of TDCJ,
appellant did not successfully complete his disassociation program.   

            During
the conference on the court’s charge on punishment, appellant’s trial counsel
requested that the jury be informed that the sentence imposed would be a
mandatory cumulative sentence case because of appellant’s prior conviction in
Cause No. 55,555-E for the offense of possession of a controlled substance in a
drug-free zone.[2]  The trial court denied the requested
instruction.  The jury returned a
punishment verdict of confinement for 50 years. 


            Following
the dismissal of the jury, the trial court was preparing to sentence appellant
to confinement for 50 years in the ID-TDCJ when the State reminded the court
that the sentence was subject to the mandatory cumulative sentencing provisions
of the Texas Health & Safety Code.  See
Tex. Health & Safety Code Ann.
§ 481.134(h) (West 2010).[3]  The trial court then pronounced the sentence
and the cumulative nature of the sentence without objection from appellant.

            Appellant
has now appealed bringing forth six issues to this court.  Appellant’s issues contend that the trial
court erred in: 1) cumulating appellant’s sentence in the instant case with
another sentence, 2) refusing appellant’s requested instruction in the
punishment charge, 3) allowing evidence before the jury about appellant’s
membership in a prison gang, and 4) assessing costs and attorneys fees to be
repaid.  We will affirm the judgment of
the trial court in all aspects, except we will eliminate the order that
appellant repay the county the cost of his appointed attorney.

Cumulative Sentencing

            Appellant’s
first issue implies that the trial court’s cumulation
of appellant’s sentence was erroneous due to evidentiary sufficiency.  However, upon closer reading, it becomes
apparent that appellant has taken that approach for one reason only: there has
been a complete procedural default on any issue related to the trial court’s
cumulative sentence order.  See Tex. R. App. P. 33.1(a).  Appellant failed to voice any objection at
the time he was ordered to serve his 50 year sentence after the completion of
the sentence in Cause No. 55,555-E.  To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. Tex. R. App.
P. 33.1(a)(1); Lovill v. State, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009).  

            In order to circumvent the consequences of failing to
object to the trial court’s action in cumulating the sentences, appellant now
contends that, because there was no evidence that the punishment in Cause No.
55,555-E was increased via the drug-free zone finding, we must reform the
judgment to strike the cumulative effect of the trial court’s order.  Appellant’s point is utterly without
merit.  The only authority appellant offers consists of authority for the very general
proposition that challenges to the evidentiary sufficiency to support a verdict
need not be preserved by a contemporaneous objection.  See Mayer v.
State, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010)
(dealing with a failure to object to a restitution order for repayment of
attorney fees).  Appellant cites
this Court to no authority for the proposition that he can now attack a jury
finding from a previous trial on a sufficiency basis. 

            Appellant’s sentence was mandatorily cumulated pursuant
to section 481.134(h) which makes mandatory that punishment for a crime
committed under the section may not run concurrently with “a conviction under
any other criminal statute.”  See
§ 481.134(h).  “This section” refers to
“Drug-Free Zones.” Id.  The
conviction that appellant is now appealing was not based upon section 481.134;
therefore, it falls into the category of “a conviction under any other criminal
statute.”  See Williams v.
State, 253 S.W.3d 673, 678 (Tex.Crim.App.
2008).  So, appellant was facing
sentencing for an offense other than a drug offense committed in a drug-free
zone.  As the record reflects, the
conviction in Cause No. 55,555-E was for possession of a controlled substance
in a drug-free zone.  The above referenced
mandatory cumulative sentencing was, therefore, before the trial court.  § 481.134(h).  When the trial judge cumulated appellant’s
sentences, he was applying a mandatory provision of the relevant statute.  The plain meaning of the statute is that the
trial court has no discretion to do more than he did: cumulate the
sentences.  See Thompson v.
State, 236 S.W.3d 787, 792 (Tex.Crim.App. 2007)
(appellate courts must give effect to the plain meaning of the statute, unless
the plain meaning leads to absurd consequences).  The plain meaning is as reflected above.  Appellant’s first issue is overruled.

Jury Instruction

            In his second issue, appellant contends that the trial
court erred when it refused to give a requested instruction to the jury that
appellant’s sentence would have to be served consecutively.  Appellant’s theory is that the fact that
appellant had to serve his sentence consecutively was something the jury should
be allowed to consider in order to make an informed decision about the
punishment to be given to appellant. 
Appellant cites the Court to Haliburton
v. State, 578 S.W.2d 726 (Tex.Crim.App. 1979),
for the apparent proposition that the requested instruction should have been
given.  Haliburton
involved a jury sending a note out to the trial court during deliberations
inquiring about whether or not the defendant would serve the sentences in the
two cases tried together concurrently.  Id. at 728. 
The trial judge answered in the affirmative.  Id. 
After being convicted, the defendant appealed claiming that it was an
abuse of discretion for the trial court to have given the supplemental charge
and that the error was harmful.  The
Court of Criminal Appeals held that the trial court did not abuse its
discretion in giving the supplemental charge regarding whether the sentences
would be served concurrently.  Id. at 729.

            From this holding, appellant now asks this Court to rule
that the converse action of a trial court–refusing to give a charge advising
the jury that the sentences would be served consecutively–would be error.  This issue has been addressed by other courts
of appeals since the Haliburton decision.  In Levy v. State, 860 S.W.2d 211, 213
(Tex.App.—Texarkana 1993, pet. ref’d),
the Texarkana court held that refusal to answer the jury’s question about
whether sentences being considered would run concurrently or consecutively was
not error.  As the citation reflects, the
Texas Court of Criminal Appeals refused a petition for review in the case.  Such was the decision in Stewart v. State,
221 S.W.3d 306, 316 (Tex.App.—Fort Worth 2007, no
pet.), in which the court held that the refusal to advise the jury that the
sentence in question would be served consecutively was not error.  In Clay v. State, 102 S.W.3d 794, 798
(Tex.App.—Texarkana 2003, no pet.), the Texarkana
court again visited this issue and said it would have been error for the trial
court to give the requested instruction about the sentences being served
consecutively.  We believe that the
opinions referenced above reflect the correct state of the law.  Accordingly, we overrule appellant’s second
issue.

 

Gang Membership

            During the punishment phase of the trial, the State
proffered the testimony of Leo Ramirez, an employee of the TDCJ.  During his testimony, Ramirez testified
without objection that appellant was a member of the Aryan Brotherhood of
Texas.  There was no request to limit the
jury’s consideration of Ramirez’s testimony at the time it was admitted.  Subsequently, when the court’s charge on
punishment was prepared, there was no request from appellant to limit the
consideration of this evidence.  In
appellant’s third issue, he now complains that the failure of the trial court
to instruct the jury that such evidence could be considered only for purposes
of appellant’s reputation and character was egregious error.  The record also reveals that the State’s witness
was only allowed to testify about appellant’s membership in the gang.  Because the trial court sustained appellant’s
objections, Ramirez was not allowed to testify about any of the gang’s alleged
activities.

            Initially, we must determine if appellant has waived any
alleged error by either failing to object to the evidence that appellant was a
member of the Aryan Brotherhood of Texas when it was offered.[4]  After the evidence was admitted, appellant
did not request that the jury’s consideration of Ramirez’s testimony be limited
in any manner.  Finally, there was no
request for any instruction in the court’s charge on punishment.

            First, we address the admission of the evidence.  We review a trial court’s decision to admit
or exclude evidence under an abuse of discretion standard of review.  See Rodriguez v. State, 203 S.W.3d 837, 841 (Tex.Crim.App.
2006).  However, before we even get to
the application of that standard of review, we must ascertain whether the
question of the admissibility of the evidence has been preserved for
appeal.  To preserve a question regarding
admissibility of evidence for appeal, the party challenging the admission must
make a timely objection that places the trial court on notice as to what the
objection is.  See Tex. R. App. P. 33.1(a); Butler v. State, 872 S.W.2d 227,
236 (Tex.Crim.App. 1994).  Therefore, it appears that appellant has
waived any objection to the complained of testimony.

            Next, even if we assume that appellant can now lodge some
appellate objection to the admission of the testimony, we are faced with the
fact that appellant also did not request any limiting instruction at the time
the evidence was admitted.  In Williams
v. State, the Texas Court of Criminal Appeals addressed that issue and held
that the failure to request a limiting instruction at the time the evidence was
admitted means that the evidence can be used by the jury for all purposes and
relieves the trial judge of any requirement of giving a limiting instruction in
the court’s charge.  273
S.W.3d 200, 230 (Tex.Crim.App. 2008).  Accordingly, the failure of the trial court
to give a limiting instruction is not error. 


            Assuming, arguendo, that the
failure of appellant to object to admission of the evidence at issue and the
failure to request a limiting instruction on the evidence at the time of
admission of the same does not bar this Court’s ability to consider his
argument, appellant has still failed to demonstrate that the failure to give
the instruction limiting the jury’s use of the gang membership was egregious
error.  For purposes of our analysis,
egregious error is error that denies appellant a fair and impartial trial.  See Almanza
v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1984).  To support his position that the
failure of the trial court to give a limiting instruction was egregious,
appellant cites the Court to Dawson v. Delaware, 503 U.S. 159, 163, 112 S.Ct. 1093, 116 L.Ed.2d 309 (1992).  However, Dawson is distinguishable
from our case in a number of ways. 
Initially, we observe that Dawson was a murder case and the
evidence of gang membership was offered during the punishment phase while the
jury was considering life in prison or the death sentence.  Id. at 161.  Second, in Dawson, after the State had
given notice of intent to use the appellant’s gang affiliation against him in
the punishment phase, appellant objected to the admission of the evidence.  Id. at 162.  Before the punishment phase of the trial
began, the parties entered into a stipulation that the State would not call
their expert witness on gang activities and appellant would agree to a limited
stipulation about the Aryan Brotherhood being a white racist prison gang and
that appellant had Aryan Brotherhood tattooed on his hand.  Id. 
The essence of the U.S. Supreme Court’s ruling was that the narrowness
of the stipulation left the evidence totally without relevance to the
sentencing procedure.   Id. at 165. 
Because the evidence was not relevant, it should not have been admitted.  However, the Court in Dawson did not
address the issue of harm, because that issue was not before it.  Id. at 168-69.  Appellant simply concludes, without any real
analysis, that egregious harm is apparent. 


            However, such is not the case.  In the case before the Court, appellant was
convicted of a second-degree felony offense enhanced by two prior felony
convictions.  These facts subjected
appellant to a punishment range of imprisonment in the ID-TDCJ for life or any
term of not more than 99 years or less than 25 years.  The jury assessed a sentence of 50
years.  When trying to ascertain if an
appellant has suffered egregious harm, we are instructed to review the entire
record to determine if appellant has not had a fair and impartial trial.  Almanza, 686 S.W.2d at 171. 
Our review of the record reveals that appellant received a 50-year
sentence, which is approximately the mid-range of the punishment range
possible.  Our review of the final argument
reveals that the State mentioned the Aryan Brotherhood one time in final
arguments.  The State concentrated its
argument on the fact that this was appellant’s third conviction.  Therefore, we find that, even if appellant
did not waive the issue procedurally, there has been no showing of egregious
harm.  Id.  Appellant’s issue is overruled.

Attorney Fees and Court
Costs

            Appellant’s fourth, fifth, and sixth issues attack
various aspects of the trial court’s order regarding costs and, specifically,
attorney fees.  First, appellant contends
that the trial court must orally pronounce the requirement to reimburse
attorney fees before the same can be included in the judgment.  He next contends that a clerk’s action of
attaching a certified copy of the bill of costs that includes the attorney fees
provision to the judgment does not constitute an order to pay costs.  Finally, he contends that there is no
evidence that appellant has the ability to repay the county for the cost of his
attorney.  

            We will sustain appellant’s final issue.  As we have held previously, the requirement
that a recipient of legal services repay the county the costs of an appointed
attorney must be based on some evidence that the recipient have the financial
resources to offset some or all of the cost of appointed counsel.  See Tex.
Code Crim. Proc. Ann. art.
26.05(g) (West Supp. 2010); Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.—Amarillo 2008), aff’d,
309 S.W.3d 552 (Tex.Crim.App. 2010).  In Mayer, after determining that there
was no evidence to support the order to pay attorney fees, we ordered the fees
stricken from the judgment.  Id. at 902. 
The Texas Court of Criminal Appeals affirmed the decision to strike the
offending attorney fees from the judgment rather than remanding the case for a
new hearing on punishment.  Mayer,
309 S.W.3d at 557. 
Accordingly, we sustain appellant’s sixth issue and order that the
requirement to repay the court appointed attorney fees be deleted from the
judgment.  

Conclusion

            We
affirm the judgment of the trial court as modified regarding the repayment of
attorney fees.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Publish.  











[1]
See
Tex. Health & Safety Code Ann.
§ 481.115(d) (West 2010).





[2]
Appellant’s conviction in Cause No. 55,555-E was
for possession of a controlled substance, methamphetamine, in an amount of more
than four grams but less than 200 grams. 
See Tex. Health &
Safety Code Ann. § 481.115(d). 
Further, appellant’s possession occurred within a drug-free zone.  See id. § 481.134(c).  Appellant was sentenced to 30 years
confinement in the ID-TDCJ in that case.

 





[3]
Further reference to the Texas Health &
Safety Code Annotated will be by reference to “section ___” or “§ ___”.





[4]
Appellant’s only objection came when Ramirez
tried to testify about what the constitution of the Aryan Brotherhood said and
what the function of the gang was inside the prison.