**Opinion issued August 6, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00633-CR

————————————

**CHRISTOPHER ANTHONY WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 17CR2588**

---

## MEMORANDUM OPINION

Christopher White was convicted of continuous sexual abuse of a young child and sentenced to 65 years' confinement. *See* TEX. PENAL CODE § 21.02. In two issues, White contends that (1) the trial court erred in denying his request to instruct the jury, in the punishment charge, that he was ineligible for parole; and (2) his trial

counsel's failure to make certain objections during the guilt-innocence phase of trial constituted ineffective assistance of counsel.

We hold that (1) the trial court did not err in omitting White's requested instruction from the jury charge, as there was no constitutional or statutory basis for its inclusion; and (2) White has failed to prove his trial counsel performed deficiently, as the undeveloped record does not show why counsel failed to make the objections.

Therefore, we affirm.

## Background

In this sexual abuse case, the issues presented on appeal require only a minimal recitation of the background facts.

In 2017, White's daughter, Patricia,[1] then 15 years old, made an outcry of sexual abuse to White's former fiancé, Vickie Cancel. Patricia told Cancel that White had sexually abused her on two prior occasions, once when she was 11 and once when she was 13. Cancel then reported Patricia's outcry to Patricia's mother, who in turn reported the outcry to the police. An investigation ensued, resulting in White's indictment for continuous sexual abuse of a young child. *See id.* White pleaded not guilty, and the case proceeded to trial. The jury found White guilty as

---

[1] To protect her privacy and for ease of reading, we refer to the complainant by a pseudonym.

2

charged and assessed punishment at 65 years' confinement. The trial court entered a judgment of conviction in accordance with the jury's verdict.

White now appeals.

## Jury Charge

In his first issue, White contends that the trial court erred in denying his request to include an instruction in the punishment charge that he was ineligible for parole.

## A.    Applicable law and standard of review

"The purpose of the trial court's jury charge is to instruct the jurors on all of the law applicable to the case." *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *see also* TEX. CODE CRIM. PROC. art. 36.14 ("[I]n each felony case . . . tried in a court of record, the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]"). However, "special, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge." *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007). This is especially true for instructions about the law of parole, given longstanding precedent that "parole is not a proper matter for jury consideration . . . ." *Hankins v. State*, 132 S.W.3d 380, 384 (Tex. Crim. App. 2004). Thus, "[i]n the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to the effect of the parole

laws or how long a defendant will be required to actually serve under a given sentence." *Levy v. State*, 860 S.W.2d 211, 213 (Tex. App.—Texarkana 1993, pet. ref'd).

In reviewing an alleged jury-charge error, we first determine whether error actually exists. *Cortez*, 469 S.W.3d at 598. If it does, we then conduct a harm analysis, with the standard of review dependent on whether the error was preserved for appeal. *Id.*

**B.     Analysis**

White argues that the trial court erred in denying his requested instruction because due process entitled him to its inclusion, since the instruction would have aided the jury in its determination of the appropriate punishment. In support of his argument, he relies primarily on the plurality opinion issued in *Simmons v. South Carolina*, 512 U.S. 154 (1994). In *Simmons*, the plurality held that, in a capital murder case in which the defendant's future dangerousness is at issue and the only sentencing alternative to death is life imprisonment without the possibility of parole, due process entitles the defendant to inform the jury of his future parole ineligibility. *See id.* at 162. The plurality reasoned that the heightened reliability necessary in a capital case is not achieved if there is a possibility that the jury, in deciding between a death sentence and life imprisonment, may make inaccurate assumptions concerning whether a life sentence in fact means that a convicted defendant would

never be released. *See id.* at 163–66. But here, White was not charged with a capital offense. *Simmons* is thus inapposite. *Cf. Smith v. State*, 898 S.W.2d 838, 847–48 (Tex. Crim. App. 1995) (differing instructions for capital and noncapital defendants about application of parole law does not violate federal equal protection clause).

White concedes that he was not entitled to his requested instruction under Code of Criminal Procedure, article 37.07, which requires trial courts to instruct juries in certain non-capital felony trials about the law of parole but does not apply to trials for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. art. 37.07, § 4; *Luquis v. State*, 72 S.W.3d 355, 361–62 (Tex. Crim. App. 2002). And he does not identify an alternative constitutional or statutory basis for instructing the jury that he was ineligible for parole. We therefore hold that the trial court did not err in refusing to include White's requested instruction in the charge. *See Cross v. State*, No. 09-11-00406-CR, 2012 WL 6643832, at *4–5 (Tex. App.—Beaumont Dec. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (holding no charge error in continuous sexual abuse of young child conviction when trial court refused to include instruction on defendant's parole ineligibility).

We overrule White's first issue.

5

**Ineffective Assistance of Counsel**

In his second issue, White contends that trial counsel's failure to make certain objections during the guilt-innocence phase of trial constituted ineffective assistance of trial.

## A. Applicable law and standard of review

To prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Macias v. State*, 539 S.W.3d 410, 415 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Under the first prong, "the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. This requires the defendant to prove "that counsel's performance fell below an objective standard of reasonableness, considering the facts of the particular case and judged at the time of counsel's conduct." *Ex parte Gonzales*, 204 S.W.3d 391, 393 (Tex. Crim. App. 2006). Under the second prong, "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This requires the defendant to prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In reviewing a claim for ineffective assistance of counsel, we are "highly deferential" to trial counsel. *Macias*, 539 S.W.3d at 415–16. We indulge a "strong

presumption" that trial counsel's performance "fell within the wide range of reasonable professional assistance." *Ex parte LaHood*, 401 S.W.3d 45, 50 (Tex. Crim. App. 2013). To prove that counsel's performance was deficient, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Blackwell v. State*, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (quoting *Strickland*, 466 U.S. at 689). "Any allegation of ineffectiveness must be firmly founded in the record, which must demonstrate affirmatively the alleged ineffectiveness." *Blackwell*, 193 S.W.3d at 21. And "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Thus, if the record does not contain affirmative evidence of counsel's reasoning or strategy, we normally presume that counsel's performance was not deficient. *Blackwell*, 193 S.W.3d at 21. "In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy." *Id.*

**B.  Analysis**

White contends that trial counsel rendered ineffective assistance by failing to object to (1) prejudicial statements made by the prosecutor and (2) evidence of extraneous crimes and bad acts. We consider each contention in turn.

7

## 1. Failure to object to prejudicial statements

We begin with White's contention that trial counsel performed deficiently by failing to object to prejudicial statements made by the prosecutor. The entirety of this part of White's ineffective-assistance claim consists of a single sentence in his brief: "Appellant received ineffective assistance of counsel at the guilt-innocence phase of trial . . . [b]y trial attorney not objecting to prosecutor's prejudicial statements that appellant had a 'drug habit' and was 'on drugs' despite nothing in the record to support such statements." White does not support his contention with any argument, authority, or citations to the record.

We hold that this part of White's ineffective-assistance claim has been inadequately briefed and presents nothing for us to review. *See* TEX. R. APP. P. 38.1(i) (appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Williams v. State*, 937 S.W.2d 479, 487 (Tex. Crim. App. 1996) (in appeal from conviction for capital murder, holding that defendant inadequately briefed whether autopsy photographs were unfairly prejudicial when brief stated that photographs caused jury to "rely upon emotion in rendering its verdict" but did not otherwise "explain why [defendant] believe[d] the photographs were unfairly prejudicial"); *Wilson v. State*, 473 S.W.3d 889, 900–01 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (holding that defendant waived issue of whether trial court erred in admitting

8

extraneous-offense evidence when defendant's brief failed to identify "the harm that he suffered as a result of the admission of the complained-of evidence"); *see also Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (reviewing court "has no obligation to construct and compose appellant's issues, facts, and arguments" with citations to authorities and record).

## 2. Failure to object to evidence of extraneous crimes and bad acts

We now turn to White's contention that trial counsel performed deficiently by failing to object to certain evidence of extraneous crimes and bad acts. White's contention is based on two lines of questioning by the prosecutor. In the first, the prosecutor questioned Patricia about occasions on which White had hugged and kissed her in a way that made her "feel uncomfortable." In the second, the prosecutor questioned Patricia about a fight she had witnessed between White and his ex-girlfriend. White contends that Patricia's answers to these questions were prejudicial and irrelevant to any issue at trial and that trial counsel's failure to object to the prosecutor's questioning constituted ineffective assistance.

The record is not sufficiently developed for us to determine whether White's trial counsel's performance fell below an objective standard of reasonableness. White has failed to present evidence showing why trial counsel did not object to the prosecutor's questioning. Nor has White argued or otherwise demonstrated that this is one of those "rare cases" in which "the record can be sufficient to prove that

9

counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy." *Blackwell*, 193 S.W.2d at 21. We therefore presume that trial counsel pursued a sound trial strategy, such as:

- reasonably concluding the evidence was admissible and any objection to it would have been overruled, *see, e.g.*, TEX. CODE CRIM. PROC. art. 38.37, § 1(b) ("[E]vidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense [of continuous sexual abuse] shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child.");

- reasonably deciding not to object in an effort to portray White as more honest and forthright, *see Lemons v. State*, 426 S.W.3d 267, 273 (Tex. App.— Texarkana 2013, pet. ref'd) ("[Counsel] may have also decided not to object in 'an effort to build rapport with the jury and prevent the jury from concluding he was attempting to hide information from them.'" (quoting *Haagensen v. State*, 346 S.W.3d 758, 766 (Tex. App.—Texarkana 2011, no pet.))); *Huerta v. State*, 359 S.W.3d 887, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Counsel may have decided to permit the challenged testimony in an effort to make appellant appear more honest and forthright . . . ."); or

- reasonably deciding not to object to avoid drawing unwanted attention to the issues, *see Lemons*, 426 S.W.3d at 273 ("[C]ounsel may have decided not to emphasize the evidence by raising an objection on the theory that once a bell has been rung, it cannot be unrung and that the more a jury hears of a matter, the more importance they may attach to it."); *Huerta*, 359 S.W.3d at 894 ("Counsel may have also decided to withhold objections to avoid drawing unwanted attention to a particular issue, or to prevent the impression that she was objecting at every opportunity as a means of stonewalling evidence.").

Because the record is silent as to why trial counsel did not make the evidentiary objections, we hold that White has failed to rebut the "strong

presumption" that counsel's performance "fell within the wide range of reasonable professional assistance." *LaHood*, 401 S.W.3d at 50.

We overrule White's second issue.

## Conclusion

We affirm.

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).